OPINION
{¶ 1} This appeal arises from the Mahoning County Court of Common Pleas, Domestic Relations Division, which denied a motion filed by Appellant, Arthur Nicholas Flauto, Jr., to terminate or reduce his spousal support obligation to Appellee, Margaret Frances Flauto.
 {¶ 2} The parties were married from 1964 until their divorce in 1995. They had three children, who were emancipated at the time of the divorce. Appellant was a licensed C.P.A. and owned his own business. He was ordered to pay Appellee $3,000 per month in spousal support in the divorce decree.
 {¶ 3} This is the third time this case has come before this Court. In 1999, we heard an appeal relative to a prior modification of spousal support in Flauto v. Flauto (April 29, 1999), 7th Dist. No. 97 CA 65. At the time, spousal support payments were decreased from $3,000 per month to $2,500 per month. Id. at 1. We upheld the reduction as within the trial court's discretion based on Appellant's reduction in income following the sale of his business. Id. at 3.
 {¶ 4} Thereafter, Appellant filed another motion to decrease spousal support, and Appellee requested an increase in support. The trial court again reduced spousal support, this time to $1,500 per month based on Appellant's decreased income.
 {¶ 5} Appellee subsequently sought an increase in spousal support based on the fact that Appellant resumed his C.P.A. business. The court granted her request and increased the award to $2,500 per month.
 {¶ 6} On January 19, 2005, Appellant filed a motion to terminate or, in the alternative, to decrease spousal support. The request was denied, and it is this denial that is the subject of the instant appeal. Appellant once again seeks to terminate or reduce his spousal support obligation based on the sale of his accounting practice and his reduced income. His request is also based in part on an injury he received, which apparently resulted in his permanent partial disability. Appellee opposed the requested reduction at hearing.
 {¶ 7} The trial court found that a change in circumstances did occur based on the sale of Appellant's business and his disability. However, it denied Appellant's request to terminate or reduce his spousal support obligation, finding that Appellant's, "disability has not, as yet, affected his `income' * * * [and, g]iven the totality of the circumstances, any reduction or termination of spousal support would not be equitable." (May 10, 2005, Decision and Journal Entry.) Appellant timely appeals this decision and raises two assignments of error on appeal. He argues that the court erred in including the proceeds from the sale of his business in his income and that the court's finding of a change in circumstances requires a reduction in support. For the following reasons, however, Appellant's alleged errors are meritless.
 {¶ 8} In Appellant's first assignment he claims:
 {¶ 9} "THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION IN THAT IT WAS WITHOUT JURISDICTION TO REALLOCATE TO APPELLEE, POST-DIVORCE, PROCEEDS FROM THE SALE OF APPELLANT'S ACCOUNTING PRACTICE, WHICH HAD BEEN EXCLUSIVELY AWARDED, WITHOUT RESERVATION OF JURISDICTION, TO APPELLANT IN THE PARTIES' DIVORCE."
 {¶ 10} In reviewing a trial court's decision in a domestic relations case, an appellate court should presume that the trial court's findings are correct, and must uphold the decision unless it finds an abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74, 523 N.E.2d 846; Booth v. Booth (1989),44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is, "more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} R.C. § 3105.18(E) governs the modification of a spousal support award. In order for a court to modify an award of spousal support set forth in a divorce decree, it must first have reserved jurisdiction to do so. The trial court's reservation of jurisdiction is undisputed in this case. Next, a court must find that a change in circumstances for either party has occurred. R.C. § 3105.18(E). The movant has the burden to establish that a substantial change in circumstances has occurred since the time of the trial court's original decision. Leighner v. Leighner
(1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. Finally, the trial court must evaluate the appropriateness and reasonableness of the award. Barrows v. Barrows, 9th Dist. No. 21904,2004-Ohio-4878 at ¶ 7, citing R.C. § 3105.18(C)(1).
 {¶ 12} Appellant argues on appeal that the trial court committed reversible error in including the proceeds from the sale of his accounting practice as income because the business was awarded to him in the divorce decree. Thus, he claims that any proceeds of sale are not income, but constitute the sale of an asset. As such, this should not have been included in determining support.
 {¶ 13} It must be noted here that Appellant assumes that the trial court considered the proceeds of sale of his practice as income in rendering its decision. The court did not specifically state that it considered these proceeds as income. Instead, the trial court said that the sale of his accounting practice constituted a change in circumstances, but that neither the sale nor Appellant's disability affected Appellant's "income." (May 10, 2005, Decision and Journal Entry.)
 {¶ 14} It is undisputed that Appellant was awarded his accounting practice in the divorce. Further, the parties stipulated to the validity of Appellant's purchase agreement regarding the sale of the business and his employment agreement with the new owners. (April 12, 2005, Hearing Tr., p. 8.) The purchase agreement states that Appellant sold his practice for $300,000. The first $100,000 was guaranteed to be paid in monthly installment over the first two years following the sale. The remaining $200,000 was to be paid over the following five years. Payment of this $200,000 was conditioned on Appellant's continued part-time employment for the new owners. (Appellant's Memorandum of Law, Exh. B.) Appellant was exercising his employment option, entitling him to the additional $200,000. His part-time employment also paid him a $50,000 annual salary.
 {¶ 15} Thus, despite the fact that Appellant sold his business, and leaving any portion of the proceeds out of the calculation of his income, he still earned an annual salary of $50,000. On the other hand, Appellee's affidavit reveals her annual income as $37,687.20, comprised solely of her social security and spousal support payments. (Appellee's Trial Brief, Affidavit of Income, Expenses and Financial Disclosure.) Further, the trial court concluded that Appellee suffers from a health condition that renders her unemployable. (May 10, 2005, Journal Entry.) Given this record alone, the trial court did not abuse its discretion in failing to modify spousal support.
 {¶ 16} Assuming the trial court did include the proceeds from the sale of Appellant's business in his income calculations, Appellant argues that R.C. § 3105.171(I) prohibits the court from including this as his income for spousal support purposes. R.C. §3105.171(I), regarding division of marital property provides: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." Although R.C. § 3105.171(I) prohibits a court from modifying a distribution of property following a divorce decree, this does not mean that a court is precluded from including this property in part of the calculation of a party's income for spousal support purposes.
 {¶ 17} In fact, R.C. § 3105.18(C)(1)(a) appears to require a court making a spousal support determination to consider, among other things, "[t]he income of the parties, from all sources,including, but not limited to, income derived from propertydivided, disbursed, or distributed under section 3105.171 of the Revised Code[.]" (Emphasis added.) Further, other Ohio appellate courts have considered the proceeds from the sale of a business as income in determining a spousal support award. See Postiy v.Postiy, 5th Dist. No. 2002CA00263, 2003-Ohio-2146, ¶ 38.
 {¶ 18} Based on the foregoing, whether or not the trial court included the proceeds from the sale of Appellant's accounting practice as income to Appellant, it did not abuse its discretion. Thus, Appellant's argument lacks merit and is overruled.
 {¶ 19} Appellant's second assignment of error asserts:
 {¶ 20} "WHEREAS THE TRIAL COURT CORRECTLY FOUND A CHANGE IN CIRCUMSTANCES IN THE SALE OF APPELLANT'S ACCOUNTING PRACTICE, IT WAS AN ERROR OF LAW AND AN ABUSE OF THE COURT'S DISCRETION TO THEN CONCLUDE THAT SAID SALE, COUPLED WITH HIS DISABILITY, HAD NOT AFFECTED APPELLANT'S INCOME TO WARRANT A REDUCTION OR TERMINATION OF HIS SPOUSAL SUPPORT OBLIGATION."
 {¶ 21} Again, the burden of showing that a reduction of spousal support is warranted is placed on the individual seeking the reduction. Haninger v. Haninger (1982), 8 Ohio App.3d 286,456 N.E.2d 1228. The trial court's decision denying a reduction in support will not be disturbed unless there is an abuse of discretion. McCoy v. McCoy (1995), 105 Ohio App.3d 651,664 N.E.2d 1012.
 {¶ 22} The trial court in this case found a change in circumstances occurred, but it concluded that the change did not affect Appellant's income. Accordingly, it did not find a substantial change in circumstances warranting a reduction in, or the termination of, Appellant's spousal support obligation.
 {¶ 23} This decision was not an abuse of discretion based on the parties' respective incomes and circumstances at the time of the trial court's decision. Appellant was earning, at a minimum, an annual part-time salary of $50,000. Although Appellant had suffered what was deemed by the Ohio Bureau of Workers' Compensation as a permanent partial disability, it was evidently not affecting his ability to work part-time. On the other hand, the trial court determined that Appellee was wholly unemployable based on her poor health. Her only income, which totaled $37,687.20 annually, was from social security and spousal support. (May 10, 2005, Decision and Journal Entry.)
 {¶ 24} Accordingly, the trial court's finding that the change in circumstances did not warrant a reduction or termination in the spousal support award was well within its discretion. Appellant wholly fails to direct our attention to any caselaw establishing that a finding of a change in circumstances necessitates a modification in spousal support by law. Thus, this assignment of error lacks merit and is overruled.
 {¶ 25} In conclusion, Appellant's assignments of error are overruled and the trial court's decision is affirmed in full.
Donofrio, P.J., concurs.
Vukovich, J., concurs.