OPINION *Page 2 
{¶ 1} Defendant-appellant Nadine Sturgeon appeals the decision of the Columbiana County Common Pleas Court denying her motion to modify spousal support. The issue presented in this appeal is whether the trial court abused its discretion when it found that there was not a substantial change in circumstances to warrant modification of the spousal support order. For the reasons expressed below, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On December 24, 2003, the parties were granted a divorce and Nadine was awarded spousal support in the amount of $1,000. Approximately two years later, Nadine filed a motion to modify spousal support; however, that motion was held in abeyance pending the outcome of an appeal from a probate court matter that might affect the ruling on the modification motion. 03/28/05 J.E. After the probate matter was concluded, Nadine refiled her motion to modify spousal support. 01/09/07 Motion. The matter was heard before the magistrate and a decision was rendered on April 25, 2007. The magistrate found that there was a change in circumstances that warranted a $500 increase in spousal support. The magistrate specifically held that Nadine's income decreased and left her with a negative budget of $900 per month, while James' income had increased and he had a surplus. 04/25/07 J.E. Part of Nadine's $900 deficiency was a $450 tithe. Attached to the magistrate's decision was a FinPlan worksheet showing the parties incomes, budgets, and deficiencies/surpluses.
 {¶ 3} James filed objections to the magistrate's decision. 05/08/07 Motion. On July 19, 2007 the trial court ruled on the objections. It found that while the magistrate properly used the correct figures and information in calculating its decision, an increase in spousal support was not warranted. 07/19/07 J.E. It stated that it recalculated Nadine's budget without the $450 tithe and without it, the parties had a near equal amount of money to cover their respective budgets. "The parties share the income with the obligor/plaintiff having 58.9% and the defendant/obligee having 41.1%." 07/19/07 J.E. Attached to the judgment was a FinPlan worksheet. In this *Page 3 
worksheet the trial court did not use the correct "Required Cash (Budget)," (hereafter referred to as budget) figures for Nadine, even though it stated in its entry that the magistrate used the correct figures and information in its calculation. The trial court used a budget that was $1,350 less than the budget used by the magistrate. Using this budget, the trial court found that Nadine had a surplus, rather than a deficiency.
 {¶ 4} Following that decision, Nadine filed a "Motion for Reconsideration" claiming that the trial court made a mathematical error in its FinPlan calculation. It explained that the budget used by the trial court was incorrect. Thus, the FinPlan was inconsistent with the trial court's judgment. It then argued that if the correct budget was used the trial court would have sustained the magistrate's decision.
 {¶ 5} Before that motion was ruled on, Nadine filed a notice of appeal with this court, and thus the trial court lost jurisdiction to rule on the motion for reconsideration. Therefore, on September 19, 2007, Nadine filed a motion for temporary remand with this court explaining that the trial court made a mathematical error and that possibly the appeal could be moot if the trial court reconsidered its decision. We granted a limited remand allowing the trial court to consider the reconsideration motion.
 {¶ 6} The trial court ruled on the reconsideration motion on November 29, 2007. The trial court stated that the magistrate's finding that Nadine's budget was $3,981 was the correct figure, but $450 for the tithe was required to be removed from this budget. Thus, it found that the budget that was intended to be used in the FinPlan was $3,531. It then stated that this leaves her a shortfall in her monthly expenses of $555, "however her relative percentage of income is still approximately 41% of the combined income of the two parties." Thus, it concluded that this was still not a sufficient change of circumstances to justify modification of the spousal support award.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE MAGISTRATE'S DECISION TO INCREASE SPOUSAL SUPPORT BASED INITIALLY UPON AN ERRONEOUS CALCULATION OF APPELLANT'S MONTHLY BUDGET AMOUNT AND, ON REMAND, BASED UPON A CONCLUSION THAT APPELLANT'S INABILITY TO MEET HER MONTHLY NEEDS WAS SOMEHOW NOT A CHANGE WARRANTING AN INCREASE IN SPOUSAL SUPPORT WHEN APPELLEE'S *Page 4 
MONTHLY CASH TO MEET HIS EXPENSES HAD INCREASED $1,200 PER MONTH FROM THE ORIGINAL ORDER AND HE HAD A MONTHLY CASH SURPLUS OF APPROXIMATELY $1,000 AFTER MEETING HIS EXPENSES."
 {¶ 8} Prior to addressing the merits of this assignment of error, we must explain that in reviewing the merits, we are reviewing both the July 19, 2007 and November 29, 2007 judgments. The July 19, 2007 judgment was clearly a final appealable order. The November 29, 2007 judgment resulted from a ruling on a motion labeled a "Motion for Reconsideration." Typically, a motion for reconsideration filed after a final order is a legal nullity which has no legal effect. Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, 380. Thus, at first glance, it may appear that the November 29, 2007 judgment cannot be considered in reviewing this appeal. However, in looking at the substance of the motion rather than just its label, it is clear that not only was the motion a motion requesting reconsideration but it was also a motion requesting the correction of a mathematical/typographical error, which could fall under Civ. R. 60(A). See Musa v. Gillett Communications,Inc. (1997), 199 Ohio App.3d 673, 680 (explaining that a motion's label is not controlling; rather, the motion should be considered for its content and not its designation).
 {¶ 9} Civ. R. 60(A) states:
 {¶ 10} "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."
 {¶ 11} The Second Appellate District has explained:
 {¶ 12} "The basic distinction between clerical mistakes that can be corrected under Civ. R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.' Bobb Forest Products, *Page 5 
151 Ohio App.3d at 77, quoting Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247."Brush v. Hassertt, 2d Dist. No. 21687, 2007-Ohio-2419, ¶ 26.
 {¶ 13} This case falls under the "blunders in execution" category. The trial court specifically stated in its July 19, 2007 judgment that it found that the magistrate properly used the correct figures and information in calculating its decision, which included Nadine's budget. The trial court then in that judgment indicated that the $450 tithe should be subtracted from the budget. However, in the FinPlan attached to the July 19, 2007 judgment, it used a different number for Nadine's budget; it did not use the magistrate's finding of monthly expenses minus the tithe as it stated it intended to. This was clearly a clerical error, that with leave of this court, the trial court could correct pursuant to Civ. R. 60(A).
 {¶ 14} Furthermore, the trial court, on a limited remand granted by this court, reviewed the "Motion for Reconsideration," saw the inconsistency between its finding that the magistrate used the correct figures in deciding the issue and the figures used in the attached FinPlan, and corrected that clerical mistake; it used the magistrate's figures (as the July 19, 2007 judgment indicated it was doing). Thus, the November 29, 2007 judgment merely remedied this clerical mistake in accordance with Civ. R. 60(A).[1] The trial court did not change its mind and modify the spousal support award. Instead, it once again stated that modification was not warranted.
 {¶ 15} Thus, as all the above shows, the trial court's November 29, 2007 judgment entry was rendered in accordance with Civ. R. 60(A) and will not be treated as a reconsideration order that is a nullity. Consequently, the November 29, 2007 and July 19, 2007 judgments are considered when reviewing the merits of this appeal, which are discussed next.
 {¶ 16} In both the July 19, 2007 and November 29, 2007 judgments, the trial court overruled the magistrate's decision to increase spousal support. The trial court denied Nadine's motion for modification of spousal support.
 {¶ 17} Trial courts have discretion to grant or deny a motion to modify spousal support; only if the trial court abused that discretion will we reverse the decision. *Page 6 Flauto v. Flauto, 7th Dist. No. 05MA100, 2006-Ohio-4909, ¶ 10. An abuse of discretion is more than an error of law; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In the case of divorce, a two part analysis is used to determine whether spousal support can and should be modified. R.C. 3105.18(E). The first prong is whether there is a change in circumstances. R.C. 3105.18(E). The second prong is whether the divorce decree authorizes the court to modify the amount or terms of the spousal support. R.C. 3105.18(E)(1).
 {¶ 19} Due to its easily disposable nature, the second prong of the analysis is addressed first. The trial court, in the final divorce decree, clearly reserved jurisdiction to modify "the amount of spousal support for a change of circumstances." 12/23/03 J.E., paragraph 8. Thus, we move on to the first prong of the analysis to determine if there was a change of circumstances warranting modification.
 {¶ 20} Nadine argues that a change of circumstances does not require a substantial change, rather, it only requires any change. In support of this she cites the Ninth Appellate District case Kingsolver v.Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844, ¶ 21.
 {¶ 21} While that is the standard used in the Ninth Appellate District, it is not the standard used in this district. We have continually held that in order for there to be a change in circumstances, the change must be substantial and have occurred since the time of the trial court's original decision. Reeves v. Reeves, 7th Dist. No. 06JE13, 2007-Ohio-4988, ¶ 18; Flauto, 7th Dist. No. 05MA100,2006-Ohio-4909, ¶ 11, citing Leighner v. Leighner (1986),33 Ohio App.3d 214, 215. After that is determined, "the trial court must evaluate the appropriateness and reasonableness of the award." Flauto, 7th Dist. No. 05MA100, 2006-Ohio-4909, ¶ 11, citing Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878 at ¶ 7 and R.C. 3105.18(C)(1).
 {¶ 22} The Second Appellate District has recently explained that there is a split among the districts as to whether the change is "any" change or if it must be a "substantial" change. Mandelbaum v. Mandelbaum, 2d Dist. No. 21817, 2007-Ohio-6138, ¶ 32-33 (explaining that the Fifth, Ninth, and Eleventh Districts do not require a *Page 7 
substantial change; however, the Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth and Twelfth Districts do), discretionary appeal accepted for review, 117 Ohio St.3d 1457, 2008-Ohio-1635 (one issue raised in the appellate brief is whether "change of circumstances" requires any change or a substantial change). Despite this split, our holding inFlauto is the controlling law in this district and will be followed.
 {¶ 23} Here the trial court found that without the tithe, the change in circumstances "was not sufficient" to justify a change in spousal support. It concluded in the July 19, 2007 order that each party's income was relatively equal; James having 58.9% of the income and Nadine having 41.1%. It restated this finding in the November 29, 2007 judgment but indicated that Nadine had "approximately 41%" of the combined income of the two parties.
 {¶ 24} The trial court's 41.1% figure was derived by using the magistrate's figures. The trial court started with the "Total Cash Income" for each party (those numbers were consistent with the numbers used by the magistrate). It then subtracted from those numbers any deductions and added any spousal support income. This resulted in an amount for each party for "Cash to Meet Living Expenses." The trial court added those numbers together. That total number was divided into each party's respective "Cash to Meet Living Expenses" figure. This resulted in a percentage representing each party's "Share of Total Cash." The only mistake the trial court had in its FinPlan worksheet was Nadine's budget; the trial court stated her budget was $2,631 when it should have stated that it was $3,531. As that number was not used to determine her share of the total cash, the trial court's indication that Nadine had 41.1% or "approximately 41%" of the combined income of the two parties was a correct figure. The 41.1% and 58.9% figures are not drastically disproportionate to each other. Furthermore, it appears from gathering information from the final divorce decree that James had 54.1% of the combined income, while Nadine had 45.9%. This shows that there was not a substantial change in circumstances since the figures from the final divorce decree and the figures in the request for modification are only marginally different.
 {¶ 25} Therefore, considering the above, we do not find that the trial court abused its discretion when it denied the motion to modify spousal support. *Page 8 
 {¶ 26} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, P.J., concurs.
[1] Even if the "Motion for Reconsideration" did not adequately raise Civ. R. 60(A), that rule clearly allows the trial court to correct its clerical errors sua sponte, as long as we granted it leave. *Page 1