[Cite as *Molnar v. Molnar*, 2011-Ohio-4318.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHARLES MOLNAR, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-JE-19 |
| | ) | |
| KAREN MOLNAR, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
                               Pleas, Domestic Relations Division of
                               Jefferson County, Ohio
                               Case No. 08DR37

JUDGMENT:                      Affirmed

APPEARANCES:
For Plaintiff-Appellee         Attorney Jane Hanlin
                               16001 S.R. 7
                               Steubenville, Ohio 43952

For Defendant-Appellant        Karen Sue Molnar, pro-se
                               2090 Township Highway 129
                               Adena, Ohio 43901

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                               Dated: August 23, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Karen Molnar, appeals from a Jefferson County Common Pleas Court judgment granting the motion of plaintiff-appellee, Charles Molnar, to terminate spousal support.

{¶2} Appellant and appellee were married on December 10, 1977 and divorced on January 21, 2009. Two children were born as issue of the marriage, a daughter in 1991 and a son in 1993. In the divorce decree, the court awarded appellant custody of the parties' daughter and awarded appellee custody of the parties' son. The court ordered appellee to pay appellant monthly child support of $389.94. The court also ordered appellee to pay appellant $556 in monthly spousal support until the daughter graduated from high school in 2010. At that time, appellee's spousal support obligation would increase to $750 per month through December 2015. The court retained jurisdiction to modify the support obligation.

{¶3} Soon thereafter, appellee filed a motion to reduce his spousal support arguing a reduction in his income. The trial court denied the motion finding no change in circumstances that would warrant a reduction in support. Appellee appealed to this court. We determined that the trial court erred in interpreting its prior entry as being a statement of monthly gross income when it was in fact a statement of monthly net income. *Molnar v. Molnar*, 7th Dist. No. 09-JE-12, 2009-Ohio-6810. Consequently, we reversed and remanded the case for further consideration with instructions to use $2,816.45 as appellee's monthly net income at the time of the divorce. Id. at ¶26. We further instructed the court that the remand was to include a new modification hearing. Id.

{¶4} On remand, the trial court held a new hearing. The court found that at the time of the divorce, appellee's monthly net income was $2,816.43. It found that at the time of the hearing, appellee's monthly net income was $1,884.11. The court found appellee's monthly living expenses of $1,602.96 to be reasonable. It also found that appellee had a monthly child support payment to appellant of $389.94, thus leaving him a monthly shortfall of $108.79. As to appellant, the court found that her monthly net income was $86.71. It further found that despite her physical

ailments, appellant was capable of working and therefore imputed minimum wage to her. The court found appellant's monthly living expenses of $1,893.2 to be reasonable. The court then added appellant's child support payments and food stamps to her income and found that she had a monthly shortfall of $250.99.

{¶5} The court, therefore, found that both parties had insufficient income to meet their living expenses. It also found that appellee did not have the financial ability to pay spousal support. As a result, the court ordered that its prior order of spousal support terminated effective April 15, 2010, and no support award was warranted at the time. The court retained jurisdiction over the issue of spousal support for future modification upon a change in circumstances of the parties.

{¶6} Next, in June 2010, appellant filed a motion to modify spousal support and to reduce her child support obligation. She asserted a change in circumstances based on the facts that (1) the parties' daughter graduated from high school and appellee's monthly child support payment to her of approximately $380 terminated and (2) she was now required to pay appellee approximately $150 per month in child support for their son. Thus, she alleged that appellee's monthly income had increased by approximately $530, while her monthly income decreased by that same amount. Appellant also stated that she has severe osteoarthritis in her hands and feet and could not work.

{¶7} The trial court held a hearing on appellant's motion. The court found that based on the increase in disposable income to appellee due to the termination of his spousal support obligation and the child support award to him and the decrease in appellant's income due to the termination of spousal support and her new child support obligation, a change in circumstances had occurred.

{¶8} Considering the evidence, the court found that appellee's reasonable monthly expenses totaled $1,835.11 and that his net income was $1,944.50. The court also granted appellant a deviation in child support. It stated that appellee would receive the minimum amount of $50 per month in child support instead of the $151.14 that the Child Support Enforcement Agency had recommended. Thus, the

court figured that appellee would be responsible for providing the $101.14 deviation for his son's support. In sum, the court determined that appellee would have $58.25 left over each month after meeting his expenses.

**{¶9}** As to appellant, the court found that her reasonable monthly expenses totaled $1,683.60. And it found that her monthly net income was $1,240.28. Adding appellant's $50 monthly child support obligation, the court found that she had a monthly shortfall of $493.32.

**{¶10}** Based on these calculations, the court found that appellee does not have the ability to provide spousal support to appellant and therefore terminated appellee's support obligation. The court specifically stated that it was not retaining jurisdiction for future modification. Appellant filed a timely notice of appeal on October 7, 2010.

**{¶11}** Appellant is acting pro se. Appellee has not filed a brief.

**{¶12}** Appellant's "brief" is a three-page document containing no assignments of error, no statement of the issues, and no citations to legal authority App.R. 16(A)(2)(3) and (4) require. She gives a basic recitation of the facts and case history. She then makes a brief argument. Even though appellant filed her brief pro se, she is bound by the same rules and procedures as litigants who proceed with counsel. *Miner v. Eberlin*, 7th Dist. No. 08-BE-21, 2009-Ohio-934, at ¶11. In the interest of justice, however, we will examine her argument.

**{¶13}** We review matters surrounding spousal support decisions for an abuse of discretion. *Corradi v. Corradi*, 7th Dist. No. 01-CA-22, 2002-Ohio-3011, at ¶51. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶14}** R.C. 3105.18(E) governs the modification of a spousal support award. "In order for a court to modify an award of spousal support set forth in a divorce decree, it must first have reserved jurisdiction to do so." *Flauto v. Flauto*, 7th Dist. No. 05 MA 100, 2006-Ohio-4909, at ¶11. In this case, the trial court initially reserved

jurisdiction.

**{¶15}** Next, a court must find that a change in circumstances for either party has occurred. R.C. 3105.18(E). "The movant has the burden to establish that a substantial change in circumstances has occurred since the time of the trial court's original decision." *Flauto*, 2006-Ohio-4909, at ¶11, citing *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215. "Finally, the trial court must evaluate the appropriateness and reasonableness of the award." Id., citing *Barrows v. Barrows*, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶7. See, also, R.C. 3105.18(C)(1).

**{¶16}** In this case, the trial court found that there was a change in circumstances since the time of its prior decision due to the change in the parties' income. Thus, the only question that remained was whether a spousal support award was appropriate and reasonable. The court found that it was not.

**{¶17}** As set out above, the trial court found that appellee did not have the means to pay spousal support because his net income just covered his reasonable monthly expenses. In doing so, the court made detailed findings as to the parties' monthly income and expenses.

**{¶18}** The evidence at the hearing supports the trial court's decision. The parties' testimony was not very extensive.

**{¶19}** Appellant testified mostly regarding her osteoarthritis. She stated that due to this condition, she is limited in the types of jobs she can do. (Tr. 9). Appellant testified that she needed surgery on her feet, but has not gone through with the procedure because she does not have insurance to pay for it. (Tr. 19-20). Although appellant has stated that she cannot work due to her osteoarthritis, she testified that she has never applied for disability benefits. (Tr. 73). And she acknowledged notes from her doctor where he wrote, "[appellant] feels she can't work until gets feet operated on" and "[appellant's] overall health otherwise has been good, no actual joint swelling." (Tr. 74, 76).

**{¶20}** Appellee also testified. His testimony reflected the trial court's findings as to his monthly expenses. (Tr. 125-37). And appellee testified that his income has

been steady and remained the same for some time and it would continue to be the same for the foreseeable future. (Tr. 141).

**{¶21}** Both parties testified that appellee's child support obligation to appellant terminated in July 2010. (Tr. 25, 138). And per the court's child support deviation, appellant was to pay appellee $50 per month in child support, which obligation would terminate in June 2011.

**{¶22}** Appellant argues that the court erred in recognizing appellee's stated monthly miscellaneous expenses and medical expenses. But each of appellee's expenses that the trial court listed in its judgment entry came from appellee's testimony and exhibits. Appellant did not present any testimony or other evidence to the contrary.

**{¶23}** Appellant also points out that once the parties' son is emancipated in June 2011, appellee's monthly expense to support their son will cease. While this is true, not only will appellee's monthly expenses to support the son cease, so will appellant's child support obligation to appellee cease.

**{¶24}** Moreover, appellant seems to assert that the court did not recognize her financial hardship. But in fact the court did recognize appellant's financial hardship by reducing her monthly child support obligation from $151.14 to the minimum monthly payment of $50.

**{¶25}** Finally, appellant points out that in the divorce decree, the court stated that it would retain jurisdiction over the issue of spousal support. She argues that while the court had jurisdiction to modify spousal support, it did not have jurisdiction to terminate it. She asserts that at the very least, the trial court should have retained jurisdiction over spousal support as provided in the divorce decree.

**{¶26}** The decision to reserve jurisdiction to modify spousal support award is within the sound discretion of the trial court. *Chevalier v. Chevalier*, 4th Dist. No. 08CA11, 2009-Ohio-6599,at ¶5. A trial court abuses its discretion when it fails to reserve spousal support jurisdiction if there is a substantial likelihood that the economic conditions of either or both parties may change significantly within the

period of the award. *Kuper v. Halbach*, 10th Dist. No. 09AP-899, 2010-Ohio-3020, at ¶63, citing *Newman v. Newman*, 5th Dist. No.2003 CA 00105, 2004-Ohio-5363. "The facts and circumstances of each case determine when a trial court abuses its discretion in failing to sua sponte add the reservation of jurisdiction language." *Orwick v. Orwick*, 7th Dist. No. 04-JE-14, 2005-Ohio-5055, at ¶20.

**{¶27}** In this case, the court did not abuse its discretion in deciding not to reserve jurisdiction to modify spousal support.

**{¶28}** The duration of the award is one factor to consider, but it is not determinative of whether the court must reserve jurisdiction to modify. See *Canales v. Canales* (Mar. 17, 1989), 2d Dist. No. 88 CA 52 (trial court should have reserved jurisdiction when it ordered four years of spousal support under circumstances in which the parties economic situation was likely to change significantly); *Herron v. Herron* (Dec. 18, 1996), 7th Dist. No. 95-CO-65 (six-year award of spousal support was a relatively short period of time and did not require the trial court to reserve jurisdiction to modify the award, under the circumstances of the case).

**{¶29}** In this case, the original spousal support award period was to run through December 2015. Thus, if the court had reserved jurisdiction, it would continue for approximately another three-and-a-half years.

**{¶30}** The evidence indicated that many of the variables that could affect spousal support had reached a point where they are going to remain stable. For instance, both of the parties' children are now emancipated. So the child support obligations that had belonged first to appellee and then to appellant have both terminated by now. Additionally, appellee testified that his income has been steady and remained the same for some time and it would continue to be the same for the foreseeable future. His testimony on this point is further supported by the trial court's findings. In its April 2010 judgment entry, the court found appellee's monthly net income to be $1,884.11. And in its September 2010 judgment entry, the court found appellee's monthly income to be $1,944.50. Thus, appellee's income remained basically consistent. Additionally, the court found appellee's monthly living expenses

to be reasonable.  And appellee's net monthly income just covers his expenses. Furthermore, the trial court still imputed minimum wage income to appellant, which also remained consistent for some time.

**{¶31}** Consequently, we cannot conclude that the trial court abused its discretion in failing to reserve jurisdiction over the issue of spousal support.

**{¶32}** Accordingly, appellant's argument is without merit.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.