[Cite as *In re T.J.W.*, 2014-Ohio-4419.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. 13 JE 12 |
| T.J.W., DEPENDENT CHILD. | ) | |
| | ) | OPINION |
| | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. 13 JE 13 |
| N.A.W., ABUSED, NEGLECTED, | ) | |
| DEPENDENT CHILD. | ) | OPINION |
| | ) | |

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. 13 JE 14 |
| N.M.W., ABUSED, NEGLECTED, | ) | |
| DEPENDENT CHILD. | ) | OPINION |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Juvenile Division,
Case Nos. 13DN00002,
13DN00003 & 13DN00004.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellant:      Attorney Sara Gasser
2012 Sunset Blvd.
Steubenville, OH 43952

For Defendant-Appellee:      Attorney Amanda Abrams
P.O. Box 608
Steubenville, OH 43952

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl Waite

Dated: September 29, 2014

DeGenaro, P.J.

**{¶1}** Appellant-Father, Adrian Wolfe, appeals the decision of the Jefferson County Court of Common Pleas, Juvenile Division, regarding the adjudication of his three minor children and the granting of temporary custody to the Jefferson County Department of Job and Family Services (JCDJFS). Because Father failed to file objections to the magistrate's decisions, and does not argue plain error on appeal, he has failed to preserve these issues for appellate review pursuant to Juv.R. 40(D)(3)(b)(iv). Accordingly, the judgment of the trial court is affirmed.

**{¶2}** There are three children involved in these consolidated appeals born to Channe Fleischer and Adrian Wolfe. T.J.W. was born on March 4, 2011, and the twins, N.A.W. and N.M.W. were born on December 25, 2012. The agency's involvement was prompted by the twins' positive drug screens at birth requiring their transfer to a Pittsburgh hospital for treatment for withdrawal from drugs. Channe admitted to snorting pills twice prior to the birth of the twins that she believed may have been laced with heroin. Based upon these facts, on January 3, 2013, JCDJFS filed complaints of dependency, abuse and neglect regarding the twins, as well as a complaint of dependency regarding, T.J.W., who lived with Channe at the time. JCDJFS requested an adjudication of abused/neglected/dependent regarding the twins pursuant to multiple statutory sections and an adjudication of dependency pursuant to R.C. 2151.04(c) regarding T.J.W.; temporary custody of the children or, in the alternative, protective supervision. On that same date the court held an informal shelter care hearing and granted ex parte custody of the children to JCDJFS.

**{¶3}** On February 21, 2013, an adjudicatory hearing was held and Adrian appeared with counsel. The magistrate's decision dated March 4, 2013 found that T.J.W. was dependent and the twins were abused/neglected/dependent; and the children remained in the temporary custody of JCDJFS pending the disposition hearing. On March 20, 2013, the Juvenile Court judge adopted the magistrate's decision finding no objections had been filed by either party. Adrian's objections, filed on March 25, 2013 were overruled by the trial court as untimely.

**{¶4}** On March 21, 2013, Adrian attended the disposition hearing with counsel. The magistrate's decision of April 1, 2013, held that JCDJFS proved by clear and

convincing evidence that temporary custody of the children should be granted to JCDJFS and that it was in the bests interests of the children, which was adopted by the Juvenile Court on April 24, 2013. No objections were filed by either party.

{¶5} In his two assignments of error, Adrian asserts:

{¶6} "The State failed to prove by clear and convincing evidence that temporary custody was in the best interest of the children."

{¶7} "The trial court abused its discretion in awarding temporary custody."

{¶8} On appeal Adrian argues that JCDJFS failed to prove by clear and convincing evidence that the children were dependent and that it was in their best interests to be placed with the agency. JCDJFS counters that Adrian has waived these arguments as he did not file objections from the magistrate's decisions.

{¶9} Juv.R. 40(D)(3)(b)(iv) provides, "[a] party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding of fact or conclusion of law" under this rule. An appellant's failure to object at trial waives all but plain error, *Fearer v. Humility of Mary Health Partners*, 7th Dist. No. 06 MA 84, 2008-Ohio-1181, ¶119, which is generally not favored in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099.

{¶10} Both magistrate's decisions contained the requisite language notifying the parties that they "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding of fact or conclusion of law under Juv.R. 40". Adrian's objections from the adjudicatory hearing were untimely and overruled by the juvenile court judge on that basis. Further, Adrian did not object to the magistrate's decision from the disposition hearing. Thus, Adrian has waived his right to assign as error on appeal the trial court's findings. However, an exception to this waiver exists if plain error is found.

{¶11} "Plain error exists where there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings." *In re J.C.*, 2013-Ohio-2819, 994 N.E.2d 919, at ¶10 (11th Dist.) citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240 (2002). Adrian does not allege the existence of such error of law or other defect on the face of the magistrate's

decision, and no such error or defect can be found. See *Mlinarcik v. Mlinarcik*, 7th Dist. No. 04 CO 30, 2006-Ohio-1287.

**{¶12}** Because Adrian failed to raise the issue through objections and does not argue plain error on appeal, he has failed to preserve the issue for appellate review. An appellate court will not consider any error which the complainant could have called to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. *In re I.T.A. and A.A.*, 7th Dist. Nos. 11 BE 27, 11 BE 29, 2012-Ohio-1689, ¶17 citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001(1982). Accordingly, Adrian's two assignments of error are meritless and the judgment of the juvenile court is affirmed.

**{¶13}** Because Adrian failed to object to the magistrate's decisions and does not argue plain error on appeal, he has failed to preserve the assignments he now argues for appellate review. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs in judgment entry.