[Cite as *Hardy v. Hardy*, 2016-Ohio-1009.]


STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| DESIREE HARDY | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 HA 6 |
| VS. | ) | |
| | ) | OPINION |
| STEVEN HARDY, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |


CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas of Harrison County, Ohio, Domestic Relations Division
Case No. DRA-2013-0020

JUDGMENT:                                   Affirmed.

APPEARANCES:
For Plaintiff-Appellee                       Attorney Steven Stickles
500 Market Street, Suite 10
Steubenville, Ohio 43952


For Defendant-Appellant                  Attorney Dan Guinn
104 S. Broadway Street
P.O. Box 804
New Philadelphia, Ohio 44663



JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb


Dated: March 14, 2016

DeGENARO, J.

{¶1}   Defendant-Appellant, Steven Hardy, Jr., appeals the judgment of the Harrison County Court of Common Pleas. On appeal, Steven asserts multiple errors by the trial court relating to spousal support, the granting of his counsel's motion to withdraw prior to trial, and an order requiring him to submit to a mental health evaluation. Steven's assignments of error are meritless; the trial court did not abuse its discretion in awarding spousal support and the remaining assignments of error were waived for failing to preserve the errors for appellate review.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedure

{¶2}   Desiree Watson and Steven were married in August of 2010 and three children were born to the parties, who are all minors. During the course of the marriage, and the pendency of divorce proceedings, Steven was sporadically employed, maintaining employment for no longer than six months at any one job. Desiree took out student loans to cover family expenses.

{¶3}   Desiree filed for divorce in May of 2013. On June 13, 2013, counsel filed a notice of appearance on behalf of Steven. On August 5, 2013, the parties reached an agreement on temporary orders, but subsequently filed a series of competing motions regarding custody and visitation; however, these are not issues on appeal.  Among other orders, the trial court set the final hearing for March 19, 2014.

{¶4}   On March 4, 2014, Steven's counsel filed a motion to withdraw because of delinquent payments, which the trial court granted the same day. Steven received notice of the trial court's order on March 10, 2014. Thereafter, he filed a motion seeking, inter alia, a continuance of the final hearing.

{¶5}   At the final hearing Steven represented himself but informed the court he had contacted another attorney concerning representation. The trial court contacted this attorney who acknowledged the phone call, but told Steven he could not evaluate the case until he received payment and a continuance was granted. After finding that a continuance would delay the purpose of justice, that the motion

was filed at a late stage in the proceedings, and that Steven had adequate notice of counsel's withdrawal, the trial court denied the motion to continue.

{¶6} During the final hearing the guardian ad litem recommended that Steven should receive a mental health examination. Ms. Mara Williams, who resided with the parties for a period of approximately two and a half months in 2010 prior to the marriage, testified that Steven would verbally abuse Desiree and that he refused to take part in the care of the minor children, but that she never observed physical abuse between the parties or towards the children.

{¶7} Desiree testified she was employed as a waitress earning $2.95 in wages plus tips, estimating her weekly income was approximately $350.00. She testified to multiple expenses relating to her housing, car, cell phone, and a monthly payment of $166.00 for her student loan debt which totaled $30,000. In all, Desiree approximated her monthly expenses, including child care, to be $1,355.00 and her monthly income $1,400.00 per month.

{¶8} Steven testified that his employment as a long-haul truck driver paid approximately $1,500.00 per week; at the time of the hearing, he had been employed by EJ Trucking for approximately 90 days. His total student loan balance was approximated at $25,000.00 for his CDL and EMT training, and he had total debt of approximately $9,568.96. Further, Steven testified to a pending reward of $25,000.00 for information and potential testimony relating to a homicide.

{¶9} On March 21, 2014, the trial court entered a judgment decree in divorce. Pertinent to this appeal, the trial court awarded spousal support to Desiree in the amount of $250.00 per month for a period of three years, reasoning the disparity between the parties' income and their conduct during the marriage warranted spousal support. The trial court also ordered Steven to submit to a mental health evaluation.

## Spousal Support

{¶10} In his first of three assignments of error, Steven alleges:

The trial court erred in awarding spousal support to the appellee

and also not retaining jurisdiction over the award of spousal support.

**{¶11}** An appellate court reviews matters of spousal support for an abuse of discretion. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). An abuse of discretion "means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50. A trial court is given broad discretion when determining the amount of spousal support. *Kunkle* at 51 Ohio St.3d 67.

**{¶12}** If a trial court deems that a spousal award is appropriate and reasonable, the amount is determined by applying the fourteen statutory factors in R.C. 3105.18(C). *Kennedy v. Kennedy*, 7th Dist. No. 2002 CO 09, 2003-Ohio-495, ¶ 16; the trial court must "not consider any one factor taken in isolation." *Id.* at ¶ 32 citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988). "Although the trial court must consider these factors, the failure to 'specifically enumerate' those factors does not constitute reversible error." *Miller v. Miller*, 7th Dist. No. 08 JE 26, 2009-Ohio-3330, ¶ 142 (internal citations omitted). Instead, the trial court must make sufficient findings that demonstrate the statutory factors were considered, and allow a reviewing court to assess the reasonableness of the award. *Id.*

**{¶13}** First, and contrary to Steven's assertion, Desiree's counsel did not ask for a spousal support order of only six months; rather, Desiree asked for *at least* six months. Steven next argues that the monthly child support payment of $795.31 would increase Desiree's monthly income to $2,193.00 per month. These figures derive from the CSEA computation of monthly total support without health insurance completed in August 2013. He further contends that the marriage was only three years, that his own work history was inconsistent, and that he and Desiree have similar income potential based on their schooling and training.

**{¶14}** Cases analyzing the reasonableness of spousal support tend to turn on whether or not the court-ordered payments become either onerous to the obligor or

unwarranted to the obligee. *See generally Machesky v. Machesky*, 4th Dist. No. 10CA3172, 2011-Ohio-862, ¶ 22-24 (award of spousal support when obligor was already paying child support was not an abuse of discretion and obligor's monthly income exceeded his expenditures); *Kaster v. Kaster*, 7th Dist. No. 627, 1994 WL 496755, *4 (Sept. 6, 1994) (obligee's monthly income being less than expenses warranted a spousal support order); *White v. White*, 7th Dist. No. 02-CO-74, 2003-Ohio-3279, ¶ 32.

{¶15} The record supports a finding that spousal support was warranted in this case. There is a significant disparity in income, the parties' earning potentials are not equal, and both parties have debt related to the pursuit of their careers. While Steven contests the nature of the trial court's basis of "other actions during the pendency of the marriage" in that these reasons are not specified, it is apparent from the record that Desiree incurred substantial student loan debt to support the family when Steven was unemployed. All of these items considered in awarding spousal support are encompassed in the fourteen factors of R.C. 3105.18(C). A trial court is not required to explicitly list each and every one of the fourteen statutory factors, and those discussed in the judgment sustain the issuance of the award. As such the trial court did not abuse its discretion.

{¶16} Steven next asserts the trial court erred by failing to retain jurisdiction over the spousal support award. The decision to not reserve authority to modify spousal support orders may be an abuse of discretion "[w]here a trial court orders spousal support for definite periods of relatively long duration." *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003–Ohio–4519, 796 N.E.2d 541, ¶ 55 (9th Dist.).

{¶17} Under R.C. 3105.18(E)(1), the trial court may retain jurisdiction over the modification of a spousal support order. "The facts and circumstances of each case determine when a trial court abuses its discretion in failing to sua sponte add the reservation of jurisdiction language." *Orwick v. Orwick*, 7th Dist. No. 04 JE 14, 2005-Ohio-5055, ¶ 20. This Court has held that it may be an abuse of discretion when a trial court fails to reserve spousal support jurisdiction when there is a "substantial

likelihood that the economic conditions of either or both parties may change significantly within the period of the award." *Molnar v. Molnar*, 7th Dist. No. 10-JE-19, 2011-Ohio-4318, ¶ 26 (citing *Kuper v. Halbach,* 10th Dist. No. 09AP–899, 2010–Ohio–3020, ¶ 63).

**{¶18}** However, Steven has failed to preserve this issue for appeal as he did not request the court to reserve jurisdiction over the award. The "fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). A party proceeding pro se is "presumed to know the law and correct procedure, and [is] held to the same standards as other litigants." *Swaim v. Scott*, 2d Dist. No. 25726, 2014-Ohio-419, ¶ 9.

**{¶19}** However, an argument that has been deemed waived may still be subject to plain-error review. "An appellant's failure to object at trial waives all but plain error." *Fearer v. Humility of Mary Health Partners*, 7th Dist. No. 06 MA 84, 2008–Ohio–1181, ¶ 119. Plain-error is present when "there is an obvious deviation from a legal rule that affected the defendant's substantial rights by influencing the outcome of the proceedings." *In re T.J.W.*, 7th Dist. No. 13 JE 12, 13 JE 13, 13 JE 14, 2014-Ohio-4419, ¶ 11. Plain-error review is not favored in civil cases and should only be used in the "extremely rare case involving exceptional circumstance where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Kirin v. Kirin*, 7th Dist. No. 08 MA 243, 2011-Ohio-663, ¶ 19 quoting *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), at paragraph one of the syllabus.

**{¶20}** The circumstances of this case do not call for an application of plain-error review. There is not an exceptional or rare quality to this case, nor is there an obvious error materially affecting Steven's substantial rights that would so undermine the legitimacy of the justice system. If Steven wanted the trial court to retain

jurisdiction over the support award, then such an argument should have been raised to the trial court.

**{¶21}** For the foregoing reasons, the issue of retention of jurisdiction over the spousal support award is waived and Steven's first assignment of error is meritless.

### Withdrawal of Counsel

**{¶22}** In his second of three assignments of error, Steven asserts:

> The court erred in granting counsel's motion to withdraw and also denying the Appellant's motion for a continuance.

**{¶23}** An appellate court reviews a trial court's decision to allow counsel to permissively withdraw for an abuse of discretion. *Bennett v. Bennett*, 86 Ohio App.3d 343, 347, 620 N.E.2d 1023 (8th Dist.1993). The decision to grant a continuance is discretionary and will not be reversed absent an abuse of discretion. *In re C.H.*, 7th Dist. No. 14 CO 29, 2015-Ohio-2109, ¶ 10.

**{¶24}** Steven had a two week notice that his counsel had withdrawn due to his failure to pay his attorney. The trial court found after speaking with counsel that notice was sent to Steven in February concerning potential withdrawal due to nonpayment, a month before the final hearing date. Further, Steven did not object during that two week period or after the commencement of the final hearing.

**{¶25}** In his argument on the motion to continue, Steven never referenced the decision of the trial court to permit withdrawal as an error. Steven's only statements regarding his position on the matter indicated his wish to be represented at the hearing, but not by his original counsel. Steven further stated that he did not pay his attorney because he believed "as any rightful person why pay for services that aren't being rendered to you." As Steven failed to object to the court's decision in any manner, or communicate his wish for continued representation by his attorney, his argument that the trial court erred by permitting his counsel to withdraw is meritless.

**{¶26}** As with his argument regarding retaining jurisdiction over spousal support, Steven waived these arguments. After the trial court overruled the motion to

continue, the final hearing began. Steven did not object to this ruling at any point during the proceedings. Further, Steven does not argue plain error and none can be found from the record. Given the record before us, the trial court did not abuse its discretion by denying the motion to continue. Accordingly Steven's second assignment of error is meritless.

## Mental Health Evaluation

{¶27} Steven's third and final assignment of error states:

The court erred in ordering the Appellant to complete a mental health evaluation.

{¶28} Steven has waived this argument because he failed to object during the final hearing. Steven's only reference to the order, which was based on a recommendation of the guardian ad litem, is during a cross examination of the guardian ad litem himself. Steven asked the guardian how he could make such a recommendation if he was not a licensed physician. However, he did not argue this point any further.

{¶29} Applying plain error review, the decision of the trial court is supported by the testimony of the guardian ad litem who stated that the totality of the circumstances indicated that Steven may have control issues. Based on further issues raised at trial, such as Steven allegedly posting semi-nude pictures of Desiree on the internet and continuously attempting to contact her via text message during the early morning hours, the guardian stated that "a mental health assessment is appropriate, and again even a psychological evaluation is appropriate at that point." It is also supported by the testimony of Ms. Mara Williams, who resided with the parties for a period of approximately two and a half months prior to their marriage, who testified that Steven would verbally abuse Desiree and that he refused to take part in the care of the minor children. Accordingly, requiring Steven to get a mental health evaluation was supported by the record; thus, the trial court did not abuse its discretion in making the order. Accordingly this assignment of error is meritless.

**{¶30}** In sum, Steven's three assignments of error are meritless. The trial court did not abuse its discretion in awarding spousal support and Steven waived the remaining assignments of error. Alternatively they did not constitute plain error, let alone error, for permitting counsel to withdraw, for denying a continuance of the final hearing, and for ordering a mental health evaluation. Accordingly, the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, J., concurs.