OPINION
{¶ 1} Defendant-appellant Karen Mlinarcik appeals the decision of the Columbiana County Common Pleas Court which granted plaintiff-appellee George Mlinarcik, Jr.'s motion asking that appellant's visitation be restricted to supervised visitation. The court adopted the magistrate's decision finding that appellant is harming the child by continuing to make unsubstantiated allegations of sexual abuse against the father to the child in violation of a prior court order, which warned her against making such allegations. On appeal, appellant urges that the court's decision to order supervised visitation was against the manifest weight of the evidence and an abuse of discretion and that the magistrate did not conform to statutory requirements in holding in camera interviews of the child. However, appellant failed to file objections to the magistrate's decision. As such, her assignments of error are overruled, and the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Just after the parties divorce was filed in 1996, appellant began making allegations that appellee sexually abused the parties' son, who was less than two years old at the time. Mostly, she claimed that appellee took a bath with the child while his friend took photographs. All allegations of abuse were found to be unfounded.
 {¶ 3} In the August 7, 1997 divorce decree, the court originally named appellant the residential parent over appellee's objection. Still, the court expressed concerns over appellant's involvement in "child alienation syndrome." The court warned her that she must cooperate in strengthening the relationship between the child and his father.
 {¶ 4} Soon thereafter, appellee sought a change in custody with supervised visitation for appellant due to appellant's interference with his visitation rights and her continuing allegations of prior sexual abuse against him. In a July 28, 1999 decision, the magistrate recommended naming appellee the residential parent and giving appellant regular, unsupervised visitation. The magistrate warned, however, that if she continues to make unsubstantiated allegations of sexual abuse, subjects the child to unwarranted physical examinations, fails to cooperate in a healthy relationship with the father, or attempts to sabotage the relationship, then the court will consider supervised visitation.
 {¶ 5} Appellant filed a timely objection to the magistrate's decision; however, her objection stated nothing in particular. On February 9, 2000, the trial court noted the lack of specificity but still fully reviewed the case including the transcripts ordered by appellant. The court overruled the objection, adopted the magistrate's decision, and allowed appellant unsupervised visitation. Appellant filed an appeal in this court but voluntarily dismissed that appeal.
 {¶ 6} In February 2003, the parties' son, who was then almost eight, had a routine visit with the school's guidance counselor. He told the counselor that his father took a picture of him in the bath when he was very young. She asked how he remembered this. The child responded that he did not remember but that his mother tells him about it. When the counselor did not report this to Children's Services, appellant brought the child to speak to the principal, who called Children's Services after hearing the child's allegation. Once again, the allegation was determined to be unsubstantiated.
 {¶ 7} In April 2003, appellee filed a motion to terminate appellant's companionship and/or order supervised visitation. He complained that appellant was violating the court's prior order, which warned her to stop making these allegations that were found to be unfounded. The magistrate conducted an in camera interview in May 2003. The case was then continued due to the lack of a guardian ad litem's report. The case then languished for some time.
 {¶ 8} On February 5, 2004, appellee filed a motion for an ex parte order of supervised visitation. He attached the affidavit of his current wife claiming that the child disclosed that appellant instructed him to lock the bathroom door to be safe from appellee's three dogs and that appellant hits him if he questions her on such matters. The court conducted another in camera interview of the child and held an ex parte hearing where appellee and his wife testified. The magistrate granted the ex parte order for supervised visitation.
 {¶ 9} A hearing was later held to determine if the ex parte order should stand pending the full hearing on the merits. On February 27, 2004, the magistrate ordered that visitation would remain supervised pending the final hearing.
 {¶ 10} The final hearing proceeded on March 16 and 29, 2004. The magistrate released its decision on May 7, 2004 finding that appellant violated the court's prior order and that she was harming the child by continuing to tell him about her allegations from when he was two. The magistrate concluded that supervised visitation was in the child's best interests. We note that the case was set for a November 2004 review of the supervised visitation.
 {¶ 11} The trial court adopted the magistrate's decision the same day it was filed. The court entered judgment suspending appellant's companionship rights, granting appellee's motion for supervised visitation and ordering appellant to attend counseling. Rather than file objections from the magistrate's decision with the trial court, appellant filed notice of appeal with this court.
 ASSIGNMENTS OF ERROR {¶ 12} Appellant sets forth two assignments of error. The first assignment of error contends that the decision to grant appellee's motion for supervised visitation was against the manifest weight of the evidence and an abuse of discretion. The second assignment of error alleges that the magistrate violated the letter and spirit of the relevant statutes in conducting the in camera interview of the child. Specifically, appellant complains that the magistrate used the in camera interview as a fact-finding mission rather than to merely determine the child's preferences concerning visitation. However, appellant failed to file any objections with the trial court.
 LACK OF OBJECTIONS {¶ 13} The magistrate's decision becomes effective when adopted by the court. Civ.R. 53(E)(4)(a). The court may adopt the magistrate's decision if no written objections are filed unless the court determines that there is an error of law or other defect on the face of the magistrate's decision. Id.
 {¶ 14} The court may adopt a magistrate's decision and enter judgment without waiting for timely objections, but the filing of timely written objections automatically stays the judgment until the court rules on the objections and vacates, modifies or adheres to the judgment previously entered. Civ.R. 53(E)(4)(c).
 {¶ 15} A party has fourteen days from the filing of the magistrate's decision to file objections, regardless of whetherthe court already adopted the decision as allowed under Civ.R.53(E)(4)(c). Civ.R. 53(E)(3)(a). The objections shall be specific and state with particularity the grounds of objection. Civ.R. 53(E)(3)(b). Any objection to a finding of fact shall be supported by a transcript of all evidence submitted to the magistrate relevant to that fact or by an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(E)(3)(c).
 {¶ 16} "A party shall not assign as error on appeal thecourt's adoption of any finding of fact or conclusion of lawunless the party has objected to that finding or conclusion underthis rule." Civ.R. 53(E)(3)(d) (emphasis added). Thus, the failure to object waives the appellate right to challenge errors in the magistrate's decision. State ex rel. Wilson v. Indus.Comm., 100 Ohio St.3d 23, 2003-Ohio-4832, ¶ 14; State ex rel.Booher v. Honda of Am. Mfg. Inc. (2000), 88 Ohio St.3d 52, 53.
 ANALYSIS {¶ 17} Here, the magistrate's decision specifically and conspicuously informed appellant that no party could assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless that party timely and specifically objects to that finding or conclusion as is required in Civ.R. 53(E)(3). Thus, the magistrate fulfilled its obligation under Civ.R. 53(E)(2).
 {¶ 18} However, appellant failed to file any objections. As a result, she waived her appellate rights to challenge the issues she now raises. Issues of manifest weight of the evidence, abuse of discretion in construction of the facts, and the contents of the in camera interview had to have been initially raised to the trial court in objections. See Civ.R. 53(E)(3)(d). In support of such objections, appellant would also have been required to submit the transcript to the trial court as well, which she obviously did not. See Civ.R. 53(E)(3)(c); Mosesson v. Rach,
7th Dist. No. 99CA321, 2001-Ohio-3232.
 {¶ 19} At oral argument, appellant urged this court to use the rare civil plain error doctrine to recognize the in camera interview irregularities. However, the prohibition in Civ.R. 53(E)(3)(d) against assigning errors not raised is dispositive. Moreover, even a lenient reading of Civ.R. 53 and the appellate review function requires barring the assignments herein. That is, Civ.R. 53(E)(4)(a) provides that the court can adopt the magistrate's decision if no objections were filed unless the court determines there is an error of law or other defect on the face of the magistrate's decision. Thus, courts have pointed out that the trial court does have some review duty even in the absence of objections. However, appellant does not allege the existence of such error of law or other defect on the face ofthe magistrate's decision, and no such error or defect can be found.
 CONCLUSION {¶ 20} In conclusion, appellant had been warned in the prior order first taking custody away from her that objections to a magistrate's decision cannot just state that one objects. Rather, they must be specific and state with particularity the grounds of the objections. Instead of heeding this advice and filing appropriately specific objections the next time a major determination was made by the magistrate, she failed to file anyobjections at all.
 {¶ 21} One cannot skip the trial court objection stage and proceed straight to appeal on factual matters and matters contained in a transcript. This is true regardless of whether the trial court immediately adopted the magistrate's decision without waiting for objections. This objection method is clearly spelled out in Civ.R. 53(E)(3)(a). The rule was amended in July 2003 to further clarify the procedure for those who remained unaware of Civ.R. 53's requirements. See 2003 Staff Notes to Civ.R. 53(E). With the expanded rule and the specific magisterial warnings, there is no longer any excuse for noncompliance. Accordingly, appellant's assignments of error are overruled.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.