OPINION
{¶ 1} Appellant Edward Wilhelm is appealing the judgment of the Mahoning County Court of Common Pleas sustaining motions to appoint a receiver to execute on two default judgments. The Appellees are Mahoning National Bank in Appeal No. 04 MA 248, and Boardman Supply Company in Appeal No. 04 MA 249. Appellant contends that his attorney failed to appear at the hearing to appoint a receiver, that Appellees did not provide any evidence in support of any such appointment, and that he was not permitted to cross-examine Appellees' representative. Appellant has waived these arguments on appeal by failing to file the necessary objections to the magistrate's decision and by failing to provide the proper transcripts on appeal. Furthermore, the record that Appellant has provided on appeal shows that he resisted the collection of the debts owed to Appellees and that the trial court was justified in appointing a receiver. Therefore, the judgment of the trial court is affirmed.
 {¶ 2} On March 18, 2004, Appellee Mahoning National Bank filed a motion to appoint a receiver to execute on a debt of $3,229.20. The debt arose from unpaid credit card bills, and this debt is not being challenged on appeal. Also on March 18, 2004, Appellee Boardman Supply Company filed a similar motion to appoint a receiver to collect on a separate $16,114.85 debt. A hearing was held on May 17, 2004. A magistrate's journal entry from June 7, 2004, indicates that Appellant appeared at the hearing without his attorney. Appellant did not provide a transcript of this hearing, or an acceptable alternative under App.R. 9, as part of his appeal. Another hearing was scheduled for July 8, 2004. Appellant's counsel again failed to appear. No transcript of this hearing is in the record. The magistrate sustained both motions on August 24, 2004. Objections were filed, and another hearing was held on October 1, 2004. No transcript of this hearing is in the record. The trial court adopted the magistrate's decision and appointed a receiver in both cases. This timely appeal followed.
 {¶ 3} This Court placed the appeal in abeyance because the trial court's summary adoption of the magistrate's decisions was deemed not to be a final appealable order. Appellant was given an opportunity to obtain a proper final appealable order. These orders were issued on January 26, 2005. The two appeals have been consolidated, and only one Opinion will issue.
 {¶ 4} The appointment of a receiver is a final appealable order. Jamestown Village Condominium Owners Assn. v. MarketMedia Research, Inc. (1994), 96 Ohio App.3d 678, 689,645 N.E.2d 1265.
 ASSIGNMENT OF ERROR {¶ 5} "CAN A RECEIVER BE APPOINTED IN A SUMMARY PROCEEDING WITH NO EVIDENCE TAKEN AND THE MOVANT NOT BEING SUBJECT TO CROSS EXAMINATION."
 {¶ 6} Before examining this assignment of error, some preliminary issues regarding the nature of this appeal must be addressed. The January 26, 2005, judgment entries now under appeal were issued in response to objections to the August 24, 2004, magistrate's decisions. The objections alleged that appointment of a receiver was premature, that a receivership is only appropriate when there is no adequate remedy at law, and that Appellees could have collected on other assets and avoided the need for a receivership. No objections were made based on counsel's failure to appear, Appellees' alleged failure to provide any evidence, or based on a due process problem in which Appellant allegedly was unable to cross-examine witnesses. However, these are the only arguments being raised on appeal.
 {¶ 7} The first obvious problem arising on appeal is that Appellant is raising new arguments that were not presented as objections to the magistrate's decision. He has waived these arguments on appeal pursuant to Civ.R. 53(E)(3)(d): "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." SeeState ex rel. Booher v. Honda of Am. Mfg., Inc. (2000),88 Ohio St.3d 52, 53-54, 723 N.E.2d 571. Appellant is attempting to win this appeal primarily by arguing that there was no evidence to support appointing a receiver, but without proper objections on file with the trial court, he cannot argue this evidentiary issue on appeal.
 {¶ 8} Second, Appellant has not provided a transcript of the October 1, 2004, objections hearing, or any other hearing for that matter, as part of his appeal. Obviously, the burden is on Appellant to substantiate the arguments made on appeal, and he must provide the necessary transcripts. App.R. 9(B). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.
 {¶ 9} This Court has no way to determine what happened at the October 1, 2004, hearing that dealt with Appellant's objections to the earlier magistrate's decision without a transcript, and given the fact that Appellant did not even file proper objections related to the arguments on appeal, the regularity of the October 1, 2004, hearing must be presumed and the judgment of the trial court affirmed.
 {¶ 10} Assuming arguedo that we could entertain the substance of Appellant's assignment of error, we review the trial court's determination on an abuse of discretion basis. State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73, 573 N.E.2d 62. Appellant does correctly state that the appointment of a receiver is an extraordinary remedy and that, "a petitioning party must show by clear and convincing evidence that the appointment is necessary for the preservation of the petitioning party's rights." Milo v. Curtis (1994), 100 Ohio App.3d 1, 5,651 N.E.2d 1340. Although in Appellant's appeal he essentially argues that insufficient evidence was presented to support the trial court judgment, there is no direct way to review what evidence was presented to support the appointment of a receiver because there are no transcripts of any of the relevant hearings. Nevertheless, the record that has been supplied on appeal indirectly supports the trial court judgment. The record indicates that judgment on the two debts was originally granted to Appellees in 1999. Contempt proceedings were issued against Appellant on October 21, 2003, for failure to appear at a proceeding related to the debt, and Appellant failed to attend his own contempt hearing. He was found in contempt on November 25, 2003. On December 17, 2003, Appellant filed what appears to be a frivolous and untimely motion to vacate the judgments. Appellant's attorney failed to appear to prosecute this motion, which resulted in further delays in the collection process. The record also shows that Appellant and his counsel have at times refused service of documents related to this case. (5/24/2000 Failure of Service; 12/17/2003 Failure of Service). It is obvious that Appellant has been resisting Appellees' attempts to collect their judgments, thus supporting the trial court's conclusion that a receivership was necessary.
 {¶ 11} Appellant also contends that he assigned the proceeds of a personal injury lawsuit over to Boardman Supply Company. Appellee argues that the judgment award was sent directly to Appellant and that no funds were made available to Appellees. There is no direct evidence of these events in the record, and thus, such arguments do not support Appellant's argument on appeal.
 {¶ 12} For the reasons stated above, Appellant's assignment of error is overruled, and the judgments of the Mahoning County Court of Common Pleas in Case Nos. 99 CV 613 and 99 CV 2501 are affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.