[Cite as *Moya v. Declemente*, 2011-Ohio-5843.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    96733

## ALISON MOYA

PLAINTIFF-APPELLANT

vs.

## DAVID DECLEMENTE, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No.    CV-735956

**BEFORE:**      Boyle, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**      November 10, 2011

**ATTORNEY FOR APPELLANT**

Michael C.    Asseff
159 Crocker Park Boulevard
Suite 400
Westlake, Ohio    44145


**ATTORNEYS FOR APPELLEES**

**For David DeClemente, et al.**

Michael A.    Jiannetti
6449 Wilson Mills Road
Mayfield Village, Ohio    44143

**For Cleveland Metropolitan School District, et al.**

Wayne J.    Belock
David J.    Sipusic
Legal Counsel
Cleveland Metropolitan School District
1380 East 6th Street, Room 203
Cleveland, Ohio    44114

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, Alison Moya, appeals from the trial court's decision dismissing her claims against defendants-appellees, Cleveland Metropolitan School District and Cleveland Metropolitan School District Board of Education (collectively "school district"). Finding no merit to the appeal, we affirm.

### Procedural History and Facts

{¶ 2} In September 2010, Moya commenced the underlying action, asserting battery and intentional infliction of emotional distress claims against David DeClemente and claims for respondeat superior and negligence against the school district.

{¶ 3} In her complaint, Moya alleged that she and DeClemente were both employed by the school district as teachers at Almira Academy. She further alleged that on September 9, 2009, DeClemente entered her classroom and "began to verbally abuse her and to loudly criticize her teaching abilities in front of the students." Moya responded by telling DeClemente to "go ahead and file his grievance," at which point he "physically assaulted" her, "striking her on the shoulder and causing injury." Based on this incident, Moya asserted that the school district was negligent in hiring and supervising DeClemente and that it is vicariously liable for the misconduct of DeClemente.

{¶ 4} DeClemente answered the complaint and also filed a cross-claim against the school district for indemnification. The school district moved to dismiss Moya's

complaint as well as DeClemente's cross-claim, arguing that it had blanket immunity to the claims under R.C. Chapter 2744. Moya opposed the motion, asserting that the school district's actions of hiring and supervising its employees was more akin to a "proprietary function" and therefore an exception to immunity applied. Moya further argued, in the alternative, that, under R.C. 2744.09(B), her claims fell outside the scope of immunity because her claims arose out of her employment relationship with the school district. DeClemente similarly raised this argument in his brief in opposition to the school district's motion to dismiss his cross-claim.

{¶ 5} In a detailed journal entry, the trial court found that the school district was entitled to immunity under R.C. Chapter 2744 and granted the district's motion to dismiss. The court specifically found that none of the exceptions to immunity applied, rejecting Moya's claim that the school district's hiring and supervision of DeClemente constitutes a "proprietary function." The trial court further rejected Moya's argument that her claims arose out of her employment with the school district. Finally, after finding that the school district is not liable to Moya, the trial court further held that the school district cannot be liable to DeClemente for indemnification or contribution.

{¶ 6} Upon request of Moya, the trial court subsequently amended its decision, designating it as a final appealable order by stating that there exists no just reason for delay under Civ.R. 54(B) and R.C. 2505.02.

{¶ 7} From that decision, Moya appeals, raising the following assignment of error:

{¶ 8} "The trial court erred in granting defendants Cleveland Metropolitan School District and Cleveland Metropolitan School District Board of Education's motion to dismiss by improperly applying R.C. 2744.02 analysis to plaintiff's claims."

Standard of Review

{¶ 9} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

{¶ 10} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 324, 544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Comm. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753.

## Application of R.C. 2744.09(B) and *Sampson* Decision

{¶ 11} The gravamen of Moya's assignment of error is that the trial court erred in failing to recognize that blanket immunity conferred under R.C. 2744.02(A)(1) does not apply in this case because R.C. 2744.09(B) governs her claims. R.C. 2744.09(B) provides as follows:

{¶ 12} "This chapter does not apply to, and shall not be construed to apply to, the following:

{¶ 13} "* * *

{¶ 14} "(B) Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]"

{¶ 15} Relying on this court's decision in *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 2010-Ohio-3415, 935 N.E.2d 98,[1] Moya contends that her claims are fully excepted from immunity because they are causally connected to her employment and therefore constitute an exception to immunity under R.C. 2744.09(B). We find her argument unpersuasive.

---

[1] The Ohio Supreme Court accepted review of this decision and the case is currently pending. See *Sampson v. Cuyahoga Metro. Hous. Auth.*, 127 Ohio St.3d 1460, 2010-Ohio-6008, 938 N.E.2d 362.

{¶ **16**} In *Sampson*, we found that the plaintiff's claims, including her claim for intentional infliction of emotional distress, clearly arose out of his employment relationship, thereby barring the defendant from asserting immunity pursuant to R.C. 2744.09(B). The facts of *Sampson*, however, are distinguishable from the instant case. In *Sampson*, the plaintiff's claims arose from conduct planned and sanctioned by his employer, defendant-CMHA. Specifically, Sampson was ordered to report for a meeting where he, along with some other CMHA employees, were arrested and handcuffed in front of their co-workers for allegedly stealing. As we noted in the decision, "CMHA intended this meeting to serve as an example to other employees, demonstrating that if caught stealing, they too would be placed on display and arrested, searched, handcuffed, and taken away in a patrol car before hundreds of their fellow workers." Id. at ¶35.

{¶ **17**} Here, Moya's claims arise out of alleged misconduct of a fellow teacher. There are no factual allegations demonstrating that the school district orchestrated such conduct. Moreover, the allegations of the complaint fail to establish that Moya's claims arise out of her employment relationship with the school district. Instead, the claims arise out of Moya's relationship with DeClemente. We therefore do not find R.C. 2744.09(B) or *Sampson* to be controlling.

{¶ **18**} Instead, we agree with the trial court that the traditional three-tier immunity analysis applies to this case. See *Colbert v. Cleveland*, 99 Ohio St.3d 215,

2003-Ohio-3319, 790 N.E.2d 781. And under this analysis, we find that the school district is entitled to immunity.

{¶ 19} First, there is no dispute that the school district is a political subdivision. See R.C. 2744.02(A)(1). Second, none of the five exceptions to immunity listed in R.C. 2744.02(B) apply. Notably, this court, applying the three-tier immunity analysis, recently reiterated that a claim for respondeat superior does not overcome a political subdivision's immunity. See *Scott v. Dennis*, 8th Dist. No. 94685, 2011-Ohio-12. Moreover, in the absence of any allegations that the political subdivision exercised its discretion with malicious purpose, in bad faith, or in a wanton or reckless manner, a claim for negligent hiring and supervision is barred under the statutory defenses for immunity contained in R.C. 2744.03(A)(5). See *Dennis*, supra; *Daniel v. Cleveland Metro. School Dist.*, 8th Dist. No. 83541, 2004-Ohio-4632. Here, we find that the complaint, which asserts a negligence claim against the school district for its hiring and supervision of DeClemente, fails to allege sufficient facts to negate the immunity defense contained in R.C. 2744.03(A)(5).

{¶ 20} Moya's sole assignment of error is overruled.

{¶ 21} Judgment affirmed and case remanded for the resolution of the remaining claims between Moya and DeClemente.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J.   SWEENEY, J., CONCUR