[Cite as *Sadlowski v. Boardman Local Schools*, 2013-Ohio-2870.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| H.R. SADLOWSKI, | ) | |
| | ) | CASE NO. 12 MA 132 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| BOARDMAN LOCAL SCHOOLS, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
                              Court, Case No. 11 CV 1790.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiff-Appellant:       Attorney Robert Rohrbaugh, II
                               4800 Market Street, Suite A
                               Youngstown, OH 44512


For Defendants-Appellees:      Attorney David Kane Smith
                               Attorney Linsday Gingo
                               Attorney Miriam Pearlmutter
                               Britton, Smith, Peters & Kalail Co. LPA
                               3 Summit Park Drive, Suite 400
                               Cleveland, OH 44131


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                              Dated: June 7, 2013

DeGenaro, P.J.

{¶1}    Plaintiff-Appellant, H.R. Sadlowski, appeals the decision of the Mahoning County Court of Common Pleas, granting judgment on the pleadings to Defendants-Appellees, Boardman Local Schools, Randall Ebie, Joseph Maroni, Mindy DiPietro, and Anne Bott.   On appeal, Sadlowski argues that the trial court erred by adopting the magistrate's decision granting Boardman's motion for judgment on the pleadings. Because Sadlowski raised specific substantive arguments for the first time in these proceedings on appeal, rather than in support of her objections to the magistrate's decision before the trial court, Civ.R. 53 dictates that they cannot be addressed on appeal by this court.   Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2}    On June 2, 2011, Sadlowski filed a seven count complaint in the Mahoning County Court of Common Pleas against the Boardman Local Schools, the principal, vice-principal and two guidance counselors of Boardman Center Middle School. Substantively, Sadlowski claims that she was harassed, bullied, and intimidated both on and off school grounds, and that Boardman failed to take any action.  Boardman filed an answer denying all substantive allegations, and on February 15, 2012, it filed a motion for judgment on the pleadings, which Sadlowski opposed.

{¶3}    The magistrate granted Boardman's motion, issuing findings of fact and conclusions of law on April 16, 2012 and Sadlowski filed objections to this decision on April 19, 2012.  However, the magistrate's decision was not filed until May 24, 2012; thus, the trial court notified Sadlowski that the objections would need to be refiled, which was done on May 31, 2012.

{¶4}    Both objections were a mere two sentences in length; substantively identical, excepting the date of the magistrate's decision being objected to; and neither a factual nor legal error by the magistrate as a basis for the objections was specified:

> * * * and pursuant to Civ. R 53 files the herein objections to the magistrate's decision entered into the [sixteenth (16th) day of April] [twenty fourth (24th) day of May] 2012, in the above captioned matter. Supplemental grounds to be filed.

**{¶5}** Supplemental grounds were never filed. On June 29, 2012, the trial court considered Sadlowski's objections, finding that "Plaintiffs' [sic] Objections are deficient in that they are not specific or stated with particularity all grounds upon which they were based as required by Civ.R. 53(D)(3)(b)(ii)." The magistrate's decision was adopted by the trial court in its entirety and Sadlowski's complaint was dismissed.

## Judgment on the Pleadings

**{¶6}** In her sole assignment of error, Sadlowski asserts:

**{¶7}** "The trial court erred in sustaining Appellee's motion for judgment on the pleadings."

**{¶8}** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). A defense of failure to state a claim upon which relief can be granted can be raised in a motion for judgment on the pleadings. Civ.R. 12(H)(2). A common pleas court's decision to grant judgment on the pleadings is reviewed de novo. *Drozeck v. Lawyers Title Ins. Corp.*, 140 Ohio App.3d 816, 820, 749 N.E.2d 775 (2000).

**{¶9}** Granting a defendant's Civ.R. 12(C) motion is appropriate where a court construes the pleadings' material allegations and the reasonable inferences to be drawn therefrom in favor of the non-movant and still finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Similar to a motion to dismiss, the factual allegations of the complaint are taken as true but unsupported conclusions are insufficient to withstand the motion. *See Moya v. DeClemente,* 8th Dist. No. 96733, 2011-Ohio-5843, 2011 WL 5506081, ¶10.

## Objections to Magistrate's Decision

**{¶10}** Sadlowski asserts the magistrate erred by granting Boardman's motion for judgment on the pleadings. However, for the first time in these proceedings, she makes substantive arguments challenging the magistrates decision beyond merely stating the magistrate erred by granting the motion. On appeal, Sadlowski argues that the magistrate erroneously granted the motion because the breach of contract claim was

sufficiently pled, and further, sovereign immunity did not bar her claims. These alleged errors are derived directly from the conclusions of law contained in the magistrate's decision. Civ.R. 53 provides in relevant part:

> b) Objections to magistrate's decision.
>> (ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.
>>
>> * * *
>>
>> (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶11} Significantly, Sadlowski failed to raise these substantive arguments in her objections to the magistrate's decision before the trial court at all, let alone with the specificity required by Civ.R. 53. The rule prohibits a party from assigning as error on appeal the trial court's adoption of any finding of fact or conclusion of law made by the magistrate unless the party has objected to that finding or conclusion. *See State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53-54, 723 N.E.2d 571 (2000); *Mahoning Natl. v. Wilhelm,* 7th Dist. Nos. 04 MA 248, 04 MA 249, 2006-Ohio-6132.

{¶12} Moreover, in light of the initial failure to file the magistrate's decision, Sadlowski had not one, but two, opportunities to supplement the objections and raise substantive arguments in support of her objections to the magistrate's decision. The failure to supplement the objections had the same effect as if no objections were filed at all. Failure to comply with the specificity requirements of Civ.R. 53 prohibits further inquiry into the merits of these substantive arguments by this court because the trial court had no opportunity to consider them in the first instance. *Estate of Sammartino v. Bogard,* 7th Dist. No. 97 C.A. 77, 1999 WL 771083 (Sept. 16, 1999), *2 (disregarding six

assignments of error where they were not raised in that party's objections to the trial court from the decision of the magistrate).

{¶13} As this court held in *Wajda v. M&J Automotive, Inc.* 7th Dist. No. 10-MA-7, 2010-Ohio-6584, ¶29:

> The Ohio Supreme Court has firmly adhered to these procedural mandates, as reiterated in a recent ruling in which the court dismissed an appeal from a magistrate's decision and affirmed the lower court's judgment with a terse explanation: "[a]ppellant's arguments derive directly from the conclusions of law provided in the magistrate's decision. Appellant, however, did not object to those conclusions as Civ.R. 53(D)(3)(b) requires. Thus, * * * we can proceed no further." *State ex rel. Findlay Industries v. Indus. Comm.,* 121 Ohio St.3d 517, 2009-Ohio-1674, 905 N.E.2d 1202, at ¶3.

{¶14} Civ.R. 53(D)(3)(b)(4) does provide that a party can assign on appeal a claim of plain error irrespective of whether objections were filed from the magistrate's decision. However, Sadlowski does not allege the existence of such error of law or other defect on the face of the magistrate's decision, and no such error or defect can be found. *See Mlinarcik v. Mlinarcik,* 7th Dist. No. 04 CO 30, 2006-Ohio-1287. As such, our review ends here.

{¶15} In sum, because Sadlowski raised specific substantive arguments for the first time in these proceedings on appeal, rather than in support of her objections to the magistrate's decision before the trial court, Civ.R. 53 dictates that they cannot be addressed on appeal by this court. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.