[Cite as *Lipari v. Tanoff*, 2014-Ohio-1176.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FRED J. LIPARI, et al., | ) | |
| | ) | CASE NO. 13 MA 17 |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| GREGG TANOFF, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas
                                                            Court, Case No. 10 CV 4150.


JUDGMENT:                                          Affirmed.


APPEARANCES:
For Plaintiffs-Appellants:               Attorney Daniel White
                                                      34 Parmalee Drive
                                                      Hudson, OH 44236


For Defendants-Appellees:              Attorney James Wise
                                                      Betras, Kopp & Harshman, LLC
                                                      6630 Seville Drive
                                                      Canfield, OH 44406




JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                      Dated: March 20, 2014

DeGenaro, P.J.

**{¶1}** Plaintiffs-Appellants, Fred and Kimberly Lipari appeal the January 16, 2013 judgment of the Mahoning County Common Pleas, overruling their objections to a magistrate's decision, and entering judgment in favor of Defendants-Appellees, Gregg and Debra Tanoff, following a bench trial on claims relating to the Liparis' purchase of real estate from the Tanoffs. On appeal, the Liparis contend the trial court's decision is against the manifest weight of the evidence.

**{¶2}** The Liparis' assignment of error is meritless. The Liparis failed to file a trial transcript along with their objections to the magistrate's decision and the objections themselves also lacked the specificity required by the Civil Rules. For those reasons, they have waived any manifest weight of the evidence challenge on appeal. Even setting aside the procedural issues, the trial court's decision to overrule the objections and enter judgment in favor of the Tanoffs was reasonable. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

**{¶3}** In 2009, the Liparis purchased a Poland, Ohio residence from the Tanoffs. Prior to purchasing the property, the Tanoffs completed a real estate disclosure statement, which noted that there had been water problems in the basement in 2003. Despite this, the Liparis did not inquire further about the issue. They did have a home inspection completed prior to closing.

**{¶4}** Soon after moving in, the Liparis began having problems with water in the basement. As a result, on November 3, 2010, the Liparis filed a complaint against the Tanoffs for fraudulent inducement, fraud and mistake of fact. The Liparis requested compensatory and punitive damages, and/or rescission and/ or cancellation of the real estate purchase agreement.

**{¶5}** After various delays, mostly related to the service of the complaint, the Tanoffs filed an answer on October 11, 2011. The Tanoffs denied the allegations made by the Liparis and, among other defenses, contended that the Liparis purchased the property "as is".

{¶6} On September 25, 2012, the case was called for a bench trial before the magistrate. The Liparis presented two witnesses at trial: Fred Lipari and an expert witness who performed excavation and landscaping repairs to the property to fix the wet basement issue.

{¶7} At the end of the trial, the magistrate gave both parties seven days to supplement the arguments that had been made with post-trial memoranda. Only the Tanoffs filed such a memo. Therein they argued that there was no evidence of fraud because the disclosure form noted that there had been water issues in the past and the Liparis failed to inquire further on the matter. They further asserted that the doctrine of caveat emptor applied.

{¶8} On October 11, 2012, the magistrate issued a decision ruling in favor of the Tanoffs. Neither party requested findings of fact and conclusions of law.

{¶9} On October 25, 2012, the Liparis filed objections to the magistrate's decision. Lipari argued that the decision constituted "plain error," and complained that the decision "fails to site [sic] in support of the Plaintiffs' position" four listed cases, two of which were from the Fifth District, one from the Ninth and one from the Ohio Supreme Court. The Liparis failed to file a transcript of trial along with their objections.

{¶10} On January 16, 2013, the court affirmed the decision of the magistrate and adopted the decision as its own and entered judgment in favor of the Tanoffs.

### Objections to Magistrate's Decision

{¶11} In their sole assignment of error, the Liparis assert:

{¶12} "The trial court's decision in favor of the appellees Gregg and Debra Tanoff is against the manifest weight of the evidence and constitutes reversible error."

{¶13} This assignment of error presents a purely factual challenge to the trial court's decision. The Liparis claim that the evidence presented at trial dictates judgment for them on at least one of the counts, and essentially that the trial court's judgment for the Tanoff's was manifestly unjust. However, this case was tried before a magistrate and the failure to file a transcript with objections to a magistrate's decision waives all factual challenges on appeal. Civ.R. 53(D)(3)(b)(iii) states that an objection to a factual finding,

whether or not specifically designated as a finding of fact, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding.

**{¶14}** The Supreme Court of Ohio has held that where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), at paragraph one of syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."); *Petty v. Equitable Prod. & Eastern States Oil & Gas, Inc.*, 7th Dist. No. 05 MA 80, 2006-Ohio-887, ¶19, 22.

**{¶15}** In such a situation, both the trial court and the appellate court are bound by the magistrate's factual findings. *Id.* at ¶23. The appellate court can only review the legal issues raised to determine whether the application of the law was proper or if it constituted an abuse of discretion. *Duncan* at 730. *See also Eiselstein v. Baluck*, 7th Dist. No. 11 MA 74, 2012-Ohio-3002, ¶20 (manifest weight-related assignments of error could not be reviewed where the appellant failed to file a full trial transcript with the objections to the magistrate's decision, following a bench trial before the magistrate). Accordingly, we are unable to review the merits of the Liparis' manifest weight challenge.

**{¶16}** The Liparis' objections are also deficient for failing to allege errors with the required specificity. Civ.R. 53(D)(3)(b) provides in pertinent part:

> (b) Objections to magistrate's decision.
> (ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.
> * * *
> (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not

specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶17}** For instance, in *Sadlowski v. Boardman Local Schools*, 7th Dist. No. 12 MA 132, 2013-Ohio-2870, this court held that where the appellant "raised specific substantive arguments for the first time in [the] proceedings on appeal, rather than in support of her objections to the magistrate's decision before the trial court, Civ.R. 53 dictates that they cannot be addressed on appeal by this court." *Id.* at ¶15.

**{¶18}** The Liparis' objections fail to state specifically any alleged flaws in the decision, making only a bare assertion of plain error, and listing four case citations that they felt the magistrate should have cited in his decision. Notably, three of the cases cited are not binding authority in this district, and furthermore, the magistrate was not required to cite case law in the body of his decision because neither party requested findings of fact and conclusions of law. Civ.R. 52 provides in relevant part: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment." Further, according to Civ.R. 53(D)(3)(a)(ii) "a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law."

**{¶19}** Moreover, even setting aside the procedural issues, the magistrate's decision to overrule the objections and enter judgment in favor of the Tanoffs was reasonable since the Tanoffs completed a real estate disclosure statement that noted there had been water problems in the basement in 2003 and the Liparis failed to inquire further about the matter before purchasing the home.

**{¶20}** As this court has explained:

It is well-settled that the doctrine of caveat emptor applies to real estate transactions in Ohio. This doctrine limits claims raising allegations of fraud, misrepresentation, and breach of contract related to real estate

transactions. *Parahoo v. Mancini* (Apr. 14, 1998), 11th Dist.App. No. 97APE08-1071; *Layman v. Binns* (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642.

Caveat emptor provides that a seller of residential real property only has an obligation to disclose defects known by the seller that could not be readily discoverable by a reasonable inspection on the part of the buyer. Id. The purchaser of the real estate has a duty to inspect the property and to inquire about the condition of the property. *Id.*

*Ripley v. McDevitt*, 7th Dist. No. 05 CO 23, 2006-Ohio-1156, ¶19-20.

**{¶21}** Thus, the Liparis' assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.