[Cite as *In re Dissolution of Marriage of Early v. Early*, 2016-Ohio-8413.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | CASE NO. 15 CO 0015 |
| DISSOLUTION OF THE MARRIAGE | ) | |
| OF:  STEPHEN C. EARLY | ) | |
| | ) | |
| PETITIONER-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ALLISON R. EARLY nka GLASS | ) | |
| | ) | |
| PETITIONER-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from the Court of Common
                                                      Pleas of Columbiana County, Ohio
                                                      Case No. 2008-DR-413

JUDGMENT:                                     Affirmed.

APPEARANCES:

For Petitioner-Appellee:                   Atty. Brian Macala
                                                      117 South Lincoln Avenue
                                                      Salem, Ohio  44460

For Petitioner-Appellant:                 Atty. Benjamin Joltin
                                                      106 South Broad Street
                                                      Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                      Dated:  December 19, 2016

WAITE, J.

{¶1} Appellant, Allison R. Early (nka Glass) appeals the decision of the Columbiana County Common Pleas Court denying her motion to terminate or modify the shared parenting plan between her and Appellee, Stephen C. Early. Although presenting two assignments of error, Appellant raises essentially a single issue: whether the trial court abused its discretion in denying Appellant's motion to terminate or, in the alternative, modify the shared parenting plan regarding the designation of residential parent for school purposes.

{¶2} For the reasons expressed below, the issue raised by Appellant is meritless. The judgment of the trial court is affirmed.

*Statement of the Case*

{¶3} The parties were married on July 5, 1997 and have three children. The marriage was terminated by decree of dissolution filed on November 13, 2008. In the judgment entry the court approved a shared parenting plan that designated Appellant as residential parent of the children for school purposes.

{¶4} The parties have been engaged in prolonged litigation over the course of several years, and this matter has a torturous procedural history. On June 20, 2011, Appellant filed a motion for reallocation of parental rights and responsibilities, seeking modification of the shared parenting plan. The parties were referred to mediation. In December of 2011 the trial court was advised that the issues had been resolved in mediation. However, prior to having an agreement memorialized in writing and adopted by the trial court, Appellant filed a motion seeking to terminate or,

in the alternative, modify the shared parenting agreement and have a guardian ad litem appointed.

**{¶5}** While the matter was pending, Appellant filed a notice of intent to relocate and requested that the trial court conduct an *in camera* interview of the minor children. On September 11, 2012, Appellee filed a motion to modify the shared parenting plan due to Appellant's expressed intention to relocate outside of Ohio with the minor children. Appellant filed a motion to show cause on November 20, 2012. A trial was held by the magistrate on January 31, 2013 and May 14, 2013. Appellant withdrew her notice of intent to relocate during that time period. On July 2, 2013, a magistrate's decision was issued overruling Appellant's motion to show cause and denying the motion to terminate the shared parenting agreement. The magistrate did modify the shared parenting agreement regarding the parenting time schedule and child support.

**{¶6}** Appellant filed objections to the magistrate's decision on July 11, 2013. Appellant also filed a second notice of intent to relocate on August 30, 2013. The trial court set Appellant's objections to the magistrate's decision for a non-oral hearing. Appellant failed to request a transcript of the trial held before the magistrate. Appellant's objections were overruled in a judgment entry dated October 29, 2013. Appellant filed an appeal on November 26, 2013. On December 10, 2013, we remanded the matter to the trial court for the limited purpose of clarifying the trial court's ruling on the objections.

**{¶7}** Meanwhile, in response to Appellant filing a renewed, third notice of intent to relocate, Appellee filed his own motion for modification of the shared parenting plan on October 8, 2013. Appellant responded by filing yet another motion to modify the shared parenting plan on November 6, 2013. On February 24, 2014, as those motions were pending before the trial court, we granted Appellant thirty days leave to file her brief and assignments of error along with a transcript of the proceedings. Appellant requested that we dismiss her appeal and we entered a dismissal entry on April 14, 2014.

**{¶8}** The trial court set all pending motions for trial. After commencement of trial, Appellant once again filed a motion seeking termination of the shared parenting plan on July 28, 2014. Appellee filed to strike this motion on the basis that trial had commenced on the earlier motions filed by both parties. On the second day of trial, September 11, 2014, Appellant's motion was overruled by the trial court.

**{¶9}** While the matter was pending in the trial court, Appellant filed a motion to suspend Appellee's parenting time. Subsequently, Appellee filed a motion seeking to hold Appellant in contempt for her failure to allow parenting time. On December 30, 2014, a magistrate's decision was issued denying all motions pending before the court as of October 8, 2014. These included the competing motions to modify/terminate shared parenting and Appellant's requests to relocate with the children. Appellant filed objections to the magistrate's decision on January 12, 2015. Again, Appellant failed to file the magistrate's hearing transcript along with her objections. As the motion to suspend parenting time and the motion in contempt

were filed post hearing, the trial court reappointed the guardian ad litem and appointed counsel for the children in response to Appellant's assertion that the guardian ad litem's recommendations were in conflict with the wishes of the children.

{¶10} In a judgment entry dated March 16, 2015, the trial overruled Appellant's objections to the magistrate's decision and adopted that decision. Appellant filed her notice of appeal on April 15, 2015. On October 7, 2015, Appellee filed a motion to dismiss for lack of prosecution. On November 6, 2015, we dismissed the appeal. On November 24, 2015, Appellant filed her brief along with a motion for reconsideration and to reinstate the appeal. We reinstated the appeal on December 24, 2015. Appellee filed a motion for reconsideration of our decision to reinstate the appeal which was denied.

{¶11} On January 27, 2016, Appellee filed a motion for a limited remand to the trial court to adjudicate the motions to suspend parenting time and show cause that were still pending in the trial court. On March 2, 2016, we entered a limited remand only to allow hearings on these pending motions. As there was no stay of execution filed by either party and the proceedings in the trial court would not be affected by the instant appeal, Appellee was instructed that this appeal would proceed. He then filed his brief in this matter, also substantially out of rule.

{¶12} Appellant asserts two assignments of error:

### ASSIGNMENTS OF ERROR

WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO TERMINATE

THE SHARED PARENTING PLAN AND IN THE LATERNATIVE [SIC] DENY APPELLANT'S REQUEST TO MODIFY THE SHARED PARENTING PLAN REGARDING THE DESIGNATION OF RESIDENTIAL PARENT FOR SCHOOL PURPOSES.

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE PARTIES' MOTIONS TO TERMINATE THE SHARED PARENTING PLAN.

{¶13} In both assignments of error, Appellant argues the trial court erred in denying her motions to terminate or modify the shared parenting agreement. Appellant does not raise the issue of the denial of her motion to relocate out of state. Hence, this argument has been waived.

{¶14} At the outset, we must note that Appellant's brief contains a statement of the case which outlines the lengthy and unusual procedural posture of the case. However, her statement of the facts recites only, "Appellant restates and reincorporates its Statement of Case as if fully rewritten." (Appellant's Brf., p. 8.) Within the law and argument portion of her brief Appellant makes multiple references to factual issues and evidentiary testimony.

{¶15} As noted both at the trial court and by this Court, Appellant has completely failed to submit any transcripts of hearing in this matter. She has also failed to file any statement of the evidence in this Court as required by App.R. 9. Pursuant to App.R. 9(B)(1), it is Appellant's obligation to ensure the proceedings she considers necessary for inclusion in the record are transcribed. "When portions of

the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When arguing any factual matter, a transcript is necessary on appeal as Appellant bears the burden of demonstrating error by reference to matters contained within the record. *State v. Skaggs,* 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978).

**{¶16}** In the absence of any transcript of the proceedings, we are limited to the record before us. The factual findings of the trial court are deemed established and we must presume the validity of the proceedings below.

**{¶17}** R.C. 3109.04 governs a trial court's discretion in child custody modification proceedings. *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E. 2d 846 (1988). A trial court determination regarding child custody matters that is supported by competent and credible evidence will not be reversed absent an abuse of discretion. *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus.

**{¶18}** R.C. 3109.04(E)(1)(a) provides:

The Court shall not modify a prior decree allocating parental rights and responsibilities for the care of the children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the

modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶19} Appellant contends "[t]he evidence clearly showed the parties' inability to co-parent; the minor children wished that said plan be terminated and that they be permitted to [attend] the Hubbard School System and the guardian-ad-litem recommended the termination of said shared parenting plan and most importantly believed that the termination of said plan and permitting the children to [attend] Hubbard schools was in their best interest." (Appellant's Brf., p. 11.) Again, we are

limited in our review to only those findings of fact made by the trial court on this record.

{¶20} The trial court noted in its March 16, 2015 judgment entry that the magistrate made 43 findings of fact relative to each of the factors set forth in R.C. 3109.04. Based on this, the court stated:

The Magistrate's extensive findings of fact are more than sufficient to support the conclusion that shared parenting continues to be in the best interests of the minor children. [Appellee] has had some difficulties with the oldest child * * *, but they are getting along better with the addition of some counseling. [Appellee] points to the protracted legal battle with [Appellant] as a factor negatively impacting the relationship between the parents and their children. It is evident that the Magistrate agrees, finding that the minor children are the only casualties in the parents' ongoing legal battle.

(3/16/15 J.E., p. 3.)

{¶21} The trial court determined:

Overbalancing those facts, however, are the findings of fact relative to the continuation of shared parenting and the best interests of the minor children. On this issue the Magistrate's findings include that the only changed circumstance in the life of the children or the parents is that [Appellant] has relocated to Hubbard. Neither party presented the

Magistrate with a compelling reason to terminate the shared parenting plan and the Magistrate found no such reason.

*Id.* at pp. 3-4.

**{¶22}** After reviewing the magistrate's factual determinations and without the ability to review the transcript of the hearing on this matter, the court stated that, "[b]ased on the foregoing and its independent review pursuant to Civ. R. 53(D)(4)(d) this Court concludes the Magistrate's ample findings of fact reasonably and logically support her conclusions of law." *Id.* at p. 6.

**{¶23}** It is abundantly apparent that Appellant was making a factual argument to the trial court. Her utter failure to provide the court with any evidence to support her argument by means of a transcript of hearing left the trial court with no alternative but to uphold the factual findings of the magistrate. Likewise, on appeal, because Appellant did not file the transcripts necessary to review factual findings to the trial court, we are unable to review her factual arguments. *RBS Citizens, NA v. Sharp*, 7th Dist. No. 13 MA 11, 2015-Ohio-5438, 47 N.E.3d 170, ¶ 27 (failure to provide trial court with the transcripts of the proceedings before the magistrate limits both the trial court and this Court to reviewing only questions of law); *Lipari v. Tanoff*, 7th Dist. No. 13 MA 17, 2014-Ohio-1176, ¶1 3-14 ("the failure to file a transcript with objections to a magistrate's decision waives all factual challenges on appeal"), citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995) (where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, an appellate court is precluded from

considering the transcript of the magistrate's hearing if it is submitted with the appellate record).

{¶24} Accordingly, based upon our review of the limited record before us, we find no error on the part of the trial court. Appellant's assignments of error are without merit and the judgment of the trial court is hereby affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.