[Cite as *Williamson v. Williamson*, 2017-Ohio-1082.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STACEY ANNE WILLIAMSON, | ) | CASE NO. 16 JE 0022 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARK ALAN WILLIAMSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Domestic Relations Appeal from the
Court of Common Pleas of Jefferson
County, Ohio
Case No. 11 DR 031

JUDGMENT:                               Affirmed.

APPEARANCES:

For Plaintiff-Appellee:               Atty. Jane Hanlin
P.O. Box 1506
100 N. Fourth Street, l0th  Floor
Steubenville, Ohio 43952

For Defendant-Appellant:          Atty. Lynsey Lyle-Opalenik
991 Main Street
Wellsville, Ohio 43968

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  March 22, 2017

ROBB, P.J.

**{¶1}** Defendant-Appellant Mark Alan Williamson appeals the decision of Jefferson County Common Pleas Court denying his motion for reallocation of parental rights and responsibilities. For the reasons expressed below, the trial court did not abuse its discretion in denying his motion for reallocation of parental rights and responsibilities. The trial court's decision is affirmed.

Statement of the Facts and Case

**{¶2}** Appellant and Plaintiff-Appellee Stacey Anne Williamson were married in December 2004 and divorced in August 2012. The parties have two minor children. In the divorce decree, Appellee was named the residential parent and Appellant was granted parenting time above the standard visitation schedule. 8/27/12 Divorce Decree. The parenting time followed the Parenting Time Guidelines except Appellant was granted additional mid-week parenting every Wednesday beginning at 5:00 p.m. and continuing until Thursday when the children would return to school or, if there was no school, at 9:00 a.m. 8/27/12 Divorce Decree. The divorce decree did not contain a restriction on Appellee relocating. 8/27/12 Divorce Decree.

**{¶3}** In June 2014, Appellant filed a motion for shared parenting and a change of the companionship schedule. The following month the parties reached a settlement and Appellant withdrew his motion. 7/28/14 J.E. As part of the settlement, Appellant was granted additional parenting time; on the weeks he did not have weekend visitation his parenting time would begin on Wednesday at 5:00 p.m. and would continue through Friday morning. 7/28/14 J.E.

**{¶4}** On March 30, 2016, Appellee filed a notice of intent to relocate; she was moving to Sterling, Michigan on June 1, 2016. 3/30/16 Notice. In response, Appellant filed objections to the notice of intent to relocate and moved for custody of both minor children. 4/14/16 combined objection and motion.

**{¶5}** A hearing on the notice, objections, and motion for custody was held before the magistrate. Both parties, Appellant's father, brother, and cousin testified. It is undisputed both parents are good parents and Appellant has always played an

active role in parenting. At the time of the hearing, both parties lived in Richmond, Ohio in the Edison Local School District and the children attended elementary school in that district.

{¶6} Appellant's family lives in close proximity, and the children have a relationship with their paternal grandparents, uncles, and cousins. Appellee is originally from Sterling, Michigan where her family still resides. Sterling, Michigan is approximately 400 miles from Richmond, Ohio and it takes about six to seven hours to drive from Richmond to Sterling.

{¶7} Appellee decided to relocate to Sterling, Michigan when her job ended, and she was not able to acquire another job. Appellee is a nurse practitioner and earned $90,000 per year working for Dr. Ybanez-Morano at Trinity Medical Center. The doctor closed her office. Appellee looked for equivalent positions, meaning one with 8:00 a.m. to 4:00 p.m. or 9:00 a.m. to 5:00 p.m. work hours and no on call hours, in the Steubenville, Weirton, and Wheeling areas; however, she could not find one. She did not look or accept a position from cities outside that area because the commute time would not make it possible to manage the children's bussing and extracurricular schedules. She has secured a position at Saint Mary's of Michigan Standish Hospital, where her hours would correspond with the children's school day and there would be no on call hours. She will be making $90,000 a year.

{¶8} Appellant and his witnesses testified if Appellee is permitted to relocate to Michigan with the children, the relationship with their father and the paternal side of the family will be greatly diminished. Appellant testified his visitation will be greatly diminished and he will not be able to have as much involvement in their extracurricular activities as he does now; he coaches for one child and goes to the other child's practices and games. He admitted the children have mixed emotions about moving; they are excited, but do not want to move. He asked the court to prevent the children from moving or to grant him custody.

{¶9} The children also have a relationship with the maternal side of the family; they go on yearly camping trips and often visit that side of the family. The house Appellee has a contingency contract to buy is within minutes of her parent's

house. One of Appellant's brothers lives about an hour to ninety minutes from Sterling, Michigan. Appellee testified she would not prevent Appellant from seeing the children and would permit him extra visitation time. She stated the children are excited about moving, but indicated she would not move if moving would cause her to lose custody.

{¶10} Both children are involved in extracurricular activities – softball and tee ball. Both children do well in school. The youngest child has hearing issues and the Edison Local School District purchased equipment to help in the child's learning. This child sees a specialist in Akron. Appellee testified she contacted the school system in Michigan and the child's services for his hearing would continue after an evaluation from that school. She also stated the school has a contract with Central Michigan University, which has an audiologist and a team of doctors of audiology students that go to the school to work with the students who have speech and hearing issues.

{¶11} Although noting the strong presumption in favor of retaining the present residential parent, the magistrate determined there was a change in circumstances and reallocation of parental rights was in the best interest of the children if Appellee moved to Michigan:

> In this case the Plaintiff's planned move is severe and it will definitely have an adverse impact on the children. The court must therefore look at what is in the best interest of the children.

> In deciding what is in the best interest of the children, the court must consider all of the facts and factors listed in Section 3109.04. The courts have approved a move when the residential parent is remarrying, being transferred, or seeking more stable employment. See Rohrbaugh v. Rohrbaugh, 97 CA 183 (Seventh District 2000). In this case none of these factors apply. The Court places a high priority on parenting by both parents. The Plaintiff's proposed move disregards this factor. A

separation from a parent can cause a great deal of stress for children of this age. The fear of losing a parent is very real.

Second, the Plaintiff's move is not based upon economic necessity. She is in a highly trained specialty that is in great demand at hospitals and doctor's offices. She has not made an adequate search for local employment. She has simply used her current situation as an excuse to return home even though she has lived here for over ten (10) years. Her decision is self-centered and does not take the feeling and needs of the children into consideration.

Her new employment is at the same income level as her prior job and, therefore will not produce an improvement in the children's standard of living. It will only produce anxiety and heartache for the kids and the Defendant. Therefore the Court finds that a reallocation of parental rights is in the best interest of the children and any harm resulting will not be outweighed by any advantage if Plaintiff is to leave with the children. In the event that Plaintiff moves to Michigan, the children shall remain in Jefferson County, Ohio in the custody of the Defendant, who shall be designated the residential parent. The Plaintiff shall be designated the nonresidential parent.

6/21/16 Magistrate Decision.

**{¶12}** Appellee filed objections and supplemental objections to the decision arguing the magistrate did not apply the change in circumstances test correctly. 6/21/16 Objections; 7/22/16 Supplemental Objections. Appellant filed replies asking the trial court to overrule the objections and adopt the magistrate's decision. 7/1/16 Reply; 8/5/16 Reply to Supplemental Objections.

**{¶13}** The trial court held a hearing on the objections. 8/22/16 Trial Court Hearing. At this hearing, the parties presented their arguments. No additional evidence was taken; rather, the trial court conducted an independent analysis after reviewing the transcript of the magistrate's hearing. 8/22/16 Trial Court Hearing. The

trial court sustained the objections and denied Appellant's request for reallocation of parental rights and responsibilities. The trial court held the magistrate erred in its decision and there was insufficient evidence to show actual harm has occurred to the children. Since there was no harm, the court found there was no change in circumstances. In an abundance of caution, the trial court also provided a best interest analysis in case the decision was appealed. It concluded it was not in the best interest of the children for custody to be change from Appellee to Appellant. 9/7/16 J.E.

**{¶14}** Appellant filed a notice of appeal from that decision and requested a stay pending appeal. The trial court and this court denied the requests for stay. 9/22/16 Tr. Ct. J.E.; 12/5/16 COA J.E.

<u>Assignments of Error</u>

**{¶15}** Appellant sets forth two assignments of error and addresses them together. These assignments provide:

"The trial court's decision to find no change of circumstances and, therefore, no basis to change custody of the minor children from that of Appellee to Appellant was against the manifest weight of the evidence."

"The trial court abused its discretion to the prejudice of Appellant in sustaining Appellee's objections to the Magistrate's Decision wherein the Magistrate had applied the test utilized in determining a change of custody petition and thereby changed custody from Appellant to Appellee."

**{¶16}** The trial court made two findings in its September 7, 2016 judgment entry. First, it found there was no change in circumstances; no actual harm was shown. Second, it found even if there was a change in circumstances, it was against the best interest of the children to change custody.

**{¶17}** The trial court's decisions are reviewed for an abuse of discretion. *Davis v. Flickinger*, 77 Ohio St.3d 415, 418-419, 421, 674 N.E.2d 1159 (1997) (custody, change in circumstances). A trial court's determination regarding child custody matters that is supported by competent and credible evidence will not be reversed absent an abuse of discretion. *In re Dissolution of Marriage of Early v.*

*Early*, 7th Dist. No. 15 CO 0015, 2016-Ohio-8413, ¶ 17 (denial of request for modification of shared parenting plan), citing *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus. An abuse of discretion is more than a mere error of law or judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** In cases where both parents are loving and bonded to the children, a custody decision is "difficult and agonizing" for the fact-finder. *Id.* at 418. These types of cases are also distressing to reviewing judges as well. *Garrett-Long v. Garrett*, 7th Dist. No. 15 MA 0221, 2016-Ohio-7041, ¶ 50. However, a reviewing court cannot substitute its judgment for the trial court's broad discretion. *Davis* at 418–419, 421.

**{¶19}** Appellant agrees we review the trial court's decision for an abuse of discretion. However, he additionally contends the magistrate was in the best position to view the witnesses and make a determination as to their credibility. Since the trial court did not view the witnesses, Appellant asserts the trial court and by extension this court should give deference to the magistrate's decision.

**{¶20}** In a case procedurally similar to the one before us where a similar argument was made, the Fifth District disagreed. *Davis v. Davis*, 5th Dist. No. 2016 AP 05 0031, 2016-Ohio-7205, ¶ 33-34 (Nonresidential parent filed motion for change of custody based on residential parent's relocation to another state and remarriage. Magistrate found change of circumstances and it was in the best interest of children for nonresidential parent to be granted custody. Residential parent objected. Trial court sustained the objections and reversed the magistrate's decision.). It explained:

> We have generally recognized a trial court enjoys broad discretion in determining whether to sustain or overrule an objection to a magistrate's decision. *Hrabovsky v. Axley*, 5th Dist. Stark No.2013CA00156, 2014–Ohio–1168; *Ford v. Ford*, 5th Dist. Tuscarawas No.2012 AP 03 0025, 2012–Ohio–5454. Moreover, magistrates are arms of their appointing courts, "which remain

responsible to critically review and verify the work of the magistrates they appoint." *Quick v. Kwiatkowski*, 2nd Dist. Montgomery No. 18620, 2001 WL 871406 (Aug. 3, 2001), citing *Normandy Place Associates v. Beyer*, 2 Ohio St.3d 102, 443 N.E.2d 161 (1982). While the magistrate is the "initial fact finder and issue resolver," the trial court remains the "ultimate fact finder and issue resolver." *See Dayton v. Whiting*, 110 Ohio App.3d 115, 673 N.E.2d 671 (2nd Dist.1996). Thus, we find our essential role in determining whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment is not altered simply because the trial court overruled the magistrate's decision.

*Id.* at ¶ 34.

**{¶21}** Consequently, the fact that the magistrate and not the trial court heard the witnesses testify does not change our review.

**{¶22}** R.C. 3109.04(E) governs when a court may modify a prior decree allocating parental rights and responsibilities. It provides:

(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

R.C. 3109.04(E)(1)(a).

{¶23} Appellee is the residential parent, Appellant is the nonresidential parent, and neither the divorce decree, nor any subsequent agreement between the parties limited Appellee's ability to relocate with the children to another state. Thus pursuant to R.C. 3109.04(E)(1)(a), in order for the trial court to grant Appellant's motion for reallocation of parental rights and responsibilities it was required to find a change has occurred in the circumstances of the children or a change has occurred in the circumstances of Appellee, the children's residential parent. If there is a change in circumstances, then the trial court must engage in a best interest analysis and determine if one of the three subsections in R.C. 3109.04(E)(1)(a) is applicable. Only if there is a change in circumstances, if it is in the best interest of the children for the parental rights and responsibilities to be reallocated to the nonresidential parent, and if one of the three subsections in R.C. 3109.04(E)(1)(a) are found is reallocation of parental rights and responsibilities warranted.

{¶24} Pursuant to the statute, the initial focus is on the change in circumstances element. *Stein v. Anderson*, 5th Dist. No. 2009 AP 08 0042, 2010-Ohio-18, ¶ 13. R.C. 3109.04 does not define the concept. *Id.* The Ohio Supreme Court has indicated that in order for a change to qualify as a change in circumstances, "the change must be a change of substance, not a slight or inconsequential change." *Davis,* 77 Ohio St.3d at 418. However, the change need

not be "substantial." *Id.* at 417–418. We have held the phrase change in circumstances "is intended to denote an event occurrence, or situation which has a material and adverse effect upon a child." *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604-605, 737 N.E.2d 551 (7th Dist.2000), citing *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982). *See also Brammer v. Brammer*, 194 Ohio App.3d 240, 2011–Ohio–2610, ¶ 18, 955 N.E.2d 453 (3d Dist.) (change must have a material effect on the child).

**{¶25}** Courts have concluded relocation, by itself, is not sufficient to be considered a change in circumstances, but it is a factor in such a determination. *Stein*, 2010–Ohio–18; *Rohrbaugh*, 136 Ohio App.3d at 604-605; *Schiavone v. Antonellii*, 11th Dist. No. 92–T–4794, 1993 WL 548034 (Dec. 10, 1993). The Eleventh District aptly explained, "since a child is almost always going to be harmed to some extent by being moved, the non-custodial parent should not be able to satisfy his or her burden simply by showing that some harm will result; the amount of harm must transcend the normal and expected problems of adjustment." *Schiavone*. Likewise, a notice of intent to relocate outside the State of Ohio is not a sufficient change in circumstances. *Garrett-Long*, 2016-Ohio-7041 at ¶ 35, citing *Masters v. Masters*, 69 Ohio St.3d 83, 86, 630 N.E.2d 665 (1994) (where the mother had a "desire" to move to Tennessee due to remarriage and a new job) and *Campana v. Campana*, 7th Dist. No. 08 MA 88, 2009–Ohio–796, ¶ 33 (noting the mother filed a notice of intent to relocate to see if the father would object and to see if the court would find modification of parenting time to the long distance schedule was in the child's best interests); *In re Dissolution of Marriage of Kelly*, 7th Dist. No. 09 Ca 963, 2011-Ohio-2642 (mere desire to relocate without substantial steps taken alone does not constitute change in circumstances).

**{¶26}** Appellant acknowledges the above law, but contends the change is not just relocation, but removal of the children from Appellant, his family, the children's school and extra-curricular activities. He contends the change will have an adverse impact on the children thereby resulting in actual harm. In addition to asserting the children are harmed by the move, he argues Appellee is attempting to limit his

visitation by moving. He cites our decision in *Rohrbaugh* to support his position. In that case, we favorably cited the *Schiavone* reasoning that a change in circumstances finding would be "justifiable if it were established that the primary motive for the move was to restrict the non-custodial parent's ability to visit the children." *Rohrbaugh,* 136 Ohio App.3d at 606, quoting *Schiavone*, 1993 WL 548034.

{¶27} Appellant argues Appellee's desire to limit his visitation is apparent when considering her testimony about summer visitation at the hearing before the magistrate. When asked about summer vacation and a visitation schedule, Appellee suggested she would have the children for two weeks and then Appellant would have the children for two weeks and they would rotate back and forth in that manner for the entire summer. Appellant contends if she was not attempting to limit his visitation she would have suggested a more favorable visitation schedule for him in the summer to make up for the diminished visitation during the school year. Also, Appellee did not want to be responsible for additional transportation time, such as driving the entire way to Jefferson County when it was Appellant's visitation. The transportation argument was raised in the reply to magistrate's objections.

{¶28} On the basis of his assertions, Appellant concludes Appellee's intent to relocate greatly impacts the children and is an intent to hinder his visitation. Therefore, he contends this case is more than a relocation case.

{¶29} Despite Appellant's attempt to characterize this case as more than a relocation or desire to relocate case, it is not. Obviously, the relocation will affect the children's parenting schedule with Appellant and by extension with his family. It is clear Appellant is very active in his children's lives; he exercises and has parenting time above the standard visitation schedule. Of course any alteration to the parenting schedule and/or a move beyond a couple hours away from Jefferson County, Ohio will have an impact on the children. However, in order for a change in circumstances to be found, the amount of harm must "transcend the normal and expected problems" of adjustment to relocation and by extension a new visitation schedule. *Schiavone*, 1993 WL 548034. The record indicates the children

sometimes express a desire to not move, but at other times they are excited about the move. As the trial court noted, this is a normal reaction for children relocating to a new school or state. There is nothing in the record to suggest the children are having more than the normal issues with the anticipated move. For instance, the record does not reveal the children are psychologically in distress about the move and that distress is manifesting itself physically. There is no testimony from a psychologist or counselor indicating an adverse impact on the children as a result of the move.

{¶30} Although we acknowledge case law supporting the conclusion that relocation for the purpose of hindering visitation and the parent-child relationship may constitute a change in circumstances, the record does not support the insinuation Appellee is moving to limit Appellant's visitation. *Reese v. Siwierka*, 11th Dist. No. 2012-P-0053, 2013-Ohio-2830, ¶ 31 ("[A] change in circumstances may include 'a custodial parent's interference with visitation by a noncustodial parent' and 'a breakdown in communication between the parents and their inability to communicate and cooperate.'"); *Sypherd v. Sypherd*, 9th Dist. No. 25815, 2012–Ohio–2615, ¶ 20 (same); *Rohrbaugh,* 136 Ohio App.3d at 606. Admittedly, Appellee's suggested summer visitation schedule to the magistrate did not provide Appellant with any more summer visitation to make up for the diminished school year visitation and she indicated an unwillingness to provide all the transportation for Appellant to exercise his visitation. However, that does not necessarily indicate she was moving in an attempt to limit his visitation. Nothing in the record indicates Appellee ever acted in a way to hinder Appellant's visitation. There are no contempt motions concerning Appellee preventing Appellant from exercising visitation. In fact, the record indicates the parties agreed for Appellant to have extended parenting time in the original divorce decree and later agreed to permit him additional extended parenting time. Furthermore, when the trial court awarded Appellant all but three weeks of summer vacation and ordered Appellee to reimburse Appellant for mileage when he elects to exercise his parenting time in Jefferson County, Appellee did not object or argue

against that decision. Consequently, her actions do not indicate the move was an attempt to limit his visitation.

{¶31} As we have previously noted, these types of cases are not only difficult for trial courts, but are also difficult for reviewing courts. This is especially the case when, as here, the evidence overwhelmingly demonstrates both parents love the children and are actively involved in their lives. In this instance, we conclude the trial court did not abuse its discretion in finding no change in circumstances. The evidence supports the conclusion the children will not be harmed by the move; there is competent, credible evidence indicating the impact the move will have on the children is the normal and expected problems of adjustment when moving to another state. Furthermore, competent, credible evidence supports the conclusion Appellee did not relocate to limit Appellant's visitation.

{¶32} Since we conclude no change of circumstances occurred, further analysis is not required under R.C. 3109.04(A)(1). However, in this case, the trial court also engaged in a best interest analysis in anticipation of an appeal. It found even if its conclusion regarding no change in circumstances was incorrect, it was not in the best interest of the children for there to be a change of custody.

{¶33} In reaching such conclusion, the trial court considered the appropriate factors enumerated in R.C. 3109.04(F) and its reasoning is supported by competent, credible evidence in the record. At the hearing, Appellee indicated she was looking for a nurse practitioner position with regular hours and no on call hours to accommodate the children's bussing and extracurricular activities schedule. 6/9/16 Tr. 65-67, 69-70, 72-75. Her testimony also indicates the Michigan school would accept the youngest child's 504 plan and doctors and student doctors from a local university with a specialty in hearing and speech issues would come to the school to provide necessary services. 6/9/16 Tr. 53-54. Likewise, her testimony also established the children were bonded with both the paternal and maternal sides of the family. 6/9/16 Tr. 47-49, 60, 76. Consequently, as there was evidence supporting its decision, we conclude the trial court did not abuse its discretion in

finding it was not in the best interest of the children to alter custody. We agree with the trial court's findings regarding the best interest test.

**{¶34}** For the above stated reasons, the assignments of error are overruled. The trial court did not abuse its discretion in denying Appellant's motion for reallocation of parental rights and responsibilities.

## Conclusion

**{¶35}** In conclusion, the assignments of error are without merit. The trial court's decision is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.